**Carlton Earl BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0269–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 13, 1984.

Sandra Garfinkel, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Robin F. Brown, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and LEVY and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

Appellant was charged by indictment with the offense of aggravated robbery. He waived his right to a jury trial and pleaded guilty to the lesser-included offense of robbery. The court found him guilty and assessed punishment at 10 years confinement. Appellant served 91 days in the Texas Department of Corrections, after which the trial court placed him on "shock probation" for a period of 10 years. Appellant was found to have violated the conditions of his probation by committing two subsequent offenses and failing to pay his supervisory fee. Appellant appeals from the revocation of his probation.

In one ground of error, appellant contends that his conviction must be reversed because the indictment was fundamentally defective, in that it failed to de-

**438**

scribe the property which appellant intended to steal. In pertinent part, the indictment alleges that appellant did:

> while in the course of committing theft of property owned by M.A. ... and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

Appellant concedes that robbery has been interpreted to be an assaultive offense rather than an offense against a property, and, therefore the property he intended to steal need not be described. *Rohlfing v. State,* 612 S.W.2d 598 (Tex. Crim.App.1981). Despite his familiarity with this case, appellant argues to the contrary because robbery is classified under Title 7 of the Penal Code. Appellant argues that the statute must be unconstitutional if robbery is not found to be a property offense because the "title" is otherwise misleading. Appellant is correct that article III, section 35 of the Texas Constitution states:

> No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed ....

However, that article refers to the caption of a bill, not a "title" within the Penal Code. *Shannon v. Rogers,* 159 Tex. 29, 314 S.W.2d 810 (1958); *e.g., Harris County Fresh Water Supply District No. 55 v. Carr,* 372 S.W.2d 523 (Tex.1963). The title of the Penal Code within which the section falls neither limits nor expands the meaning of the statute. Tex.Rev.Civ.Stat.Ann. art. 5429b–2, sec. 3.04 (Vernon Supp.1984) (the Code Construction Act); Tex.Penal Code Ann. sec. 1.05(b) (Vernon 1974). Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.