James Lee **KEMP**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–85–00501–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1988.

Greg Glass, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Linda West and David Brothers, Asst. Dist. Attys., for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## ON MOTION FOR REHEARING

DUGGAN, Justice.

Our opinion dated September 18, 1986, is withdrawn, and the following is substituted. The motion for rehearing is granted, and the relief sought is denied.

After a jury found appellant guilty of aggravated robbery, the court assessed his punishment, enhanced by two prior convictions, at 99 years confinement. Appellant asserts 10 points of error.

The complainant testified that as she was locking her car on the street in front of her apartment building at around 10:30 p.m. on May 19, 1984, a man whom she later identified as appellant approached her from behind, demanded her purse, and then snatched it from her shoulder. He then produced a gun from a brown paper bag, demanded her car keys, and struck her on the back of the head with the gun and took the keys when she refused to hand them over. She testified that she was also injured by either a bullet or a fragment from a shot fired by her assailant, who then fled with her car and her purse. Appellant was arrested that night while hiding in a garage nearby. A Houston police officer identified him as the man who left the complainant's car running in the street and began walking away from the car into a nearby park. He was taken to complainant's residence that night and identified by her.

Appellant offered the alibi that he had been drinking with friends at the 2000 Club, and had walked to the area where he was later arrested in order to catch a bus. He testified that officers beat him and that he ran from them and hid in the garage.

■ Appellant asserts in his first point of error that the trial court erred in overruling his motion for mistrial because the prosecutor's prejudicial jury argument contradicted the court's charge and instructions to the jury.

The argument, objections, and rulings in question were the following:

[PROSECUTOR]: So many times we get wrapped up in a defendant's rights and protecting the defendant that we almost forget about the victims of crime. *Here's a life-long resident of Harris County who has been victimized by a person who has shown himself in the past several times to not mind victimizing other people.*

[APPELLANT'S ATTORNEY]: *I object to trying to intimate that since he's been guilty of things in the past that he's guilty of this today.*

[THE COURT]: Sustained.

[APPELLANT'S ATTORNEY]: I ask that the Court instruct the jury to disregard that last statement.

[THE COURT]: Disregard the last comment by the Prosecutor.

[APPELLANT'S ATTORNEY]: Judge, we move for mistrial.

[THE COURT]: Overruled.

(Emphasis added.)

The point of error urged on appeal, viz., that the argument contradicts the court's charge and instructions, does not comport with appellant's trial objection, which was that the prosecutor was "trying to intimate that since he's been guilty of things in the past that he's guilty of this today." Accordingly, nothing is preserved for review. *Euziere v. State,* 648 S.W.2d 700 (Tex. Crim.App.1983). Appellant's first point of error is overruled.

Appellant's second point of error asserts that the trial court erred in overruling his objection to the prosecutor's prejudicial jury argument, which contradicted the court's charge and instructions to the jury.

Shortly after the argument complained of in point of error one, the following argument, objections, and ruling occurred:

[PROSECUTOR]: ... the defendant's testimony, of course, is weighted very heavily with the fact that he's the one charged with this offense and the fact that he's been convicted twice before, *one of which just happens to be an aggravated robbery.*

[APPELLANT'S ATTORNEY]: I object on the same grounds, intimating that because he has previously committed a crime, that he's guilty of this one; and we think that's highly improper and flies in the face of the limine [sic] instruction and the laws of the State of Texas.

[PROSECUTOR]: I prefaced that they have to weigh his testimony and that is according to your instructions.

(Emphasis added.)

We agree with appellant's argument in his brief that, from the spoken context, the word shown as "limine" in appellant's attorney's quoted objection should have been transcribed by the reporter as "limiting."

Appellant argues that the "clear and sole implication of these words ['one of which just happens to be an aggravated robbery'] is that the defendant, who just happens to have a previous aggravated robbery conviction, is also guilty of the aggravated robbery with which he is presently charged." We disagree.

Because the appellant had testified at the guilt-innocence phase of trial, and had been impeached by proof of his two prior felony convictions, the trial court had instructed the jury in its written charge as follows:

> [C]ertain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

Because the jury was entitled to consider appellant's prior convictions in weighing his credibility as a witness, and because one of the convictions was for aggravated robbery, the prosecutor was entitled to argue the fact of the admitted prior convictions. Before either of appellant's objections to prosecutorial argument were made, the prosecutor had argued:

> You cannot consider these prior convictions in the sense that "well, since he's been convicted of aggravated robbery, he must have done this one. Since he's been convicted of burglary once, he must have done this one."
>
> You can consider whether or not, as far as being a truthteller, how much truth do you want to give an ex-con especially in consideration of the story that he gave you. That can be taken into consideration to view the weight you give his testimony.
>
> You cannot automatically say because he's been convicted once, he must be guilty of this. Please do not discuss it in that manner.

The court was well within the bounds of reasonableness in accepting the prosecutor's explanation that his argument dealt with the weight to be given the convictions. The court did not err in overruling the objection. Appellant's second point of error is overruled.

By his third point of error, appellant contends that he was deprived of the presumption of innocence by the court's ruling sustaining the State's objection during his direct testimony.

Appellant's attorney asked him on direct exam:

Q: Why are you having a trial?
A: Because I'm innocent, sir.
[PROSECUTOR]: Object.
[THE COURT]: Sustained.
A: I'm innocent, sir.

Appellant maintains that his constitutional and statutory rights to a presumption of innocence were violated since he was placed in the posture of having the trial court sustain an objection to his attestation of innocence, allowing the jury to infer that the judge viewed him as guilty.

The question directed to appellant by his own attorney was an improper one, and called for a legal conclusion. The question did not ask, "Why do you insist upon a trial?," or "Why do you want a trial?," as appellant may have assumed. Legally, the correct answer was one that a layman could not reasonably be expected to know: namely, that the appellant was "having a trial" because an indictment was duly returned against him and had not been dismissed. Even if a mutually satisfactory plea bargain agreement had been arrived at between prosecutor, defendant, and defense counsel, the proceeding by which it would have been implemented is described in the applicable statute as a "trial." *See* Tex.Code Crim.P.Ann. art. 26.13(a)(3) (Vernon Supp.1988).

The trial court instructed the jury on the presumption of innocence both during voir dire and in its written charge. A court must rule on an objection when it is made, Tex.Code Crim.P.Ann. art. 38.05 (Vernon 1979), and a ruling, without addi-

tional comment, is not a comment on the weight of the evidence. *Smith v. State*, 595 S.W.2d 120, 124 (Tex.Crim.App.1980), *rev'd on other grounds*, 650 S.W.2d 68 (Tex.Crim.App.1981). The ruling was invited by appellant's counsel, who improperly asked appellant for a self-serving reply in the form of a legal conclusion. Appellant's third point of error is overruled.

In his fourth and fifth points of error, appellant asserts that the court committed reversible error by its refusal to quash the indictment's enhancement paragraphs and by admitting the pen packets, which contained no jury waivers.

The indictment's enhancement paragraphs alleged appellant's prior convictions in two specifically numbered causes, and the pen packets contained copies of judgments in those two specific causes.

Although appellant maintains that the pen packet introduced by the State contained no signed jury waivers, he admits that the judgments contained recitals that appellant waived a jury and that a signed jury waiver had in fact been made.

■ Appellant argues that an objection to the absence of a jury waiver in the pen packet shifts the burden to the State to prove the actual existence of jury waiver to support the judgment recital, relying on *Breazeale v. State*, 683 S.W.2d 446 (Tex. Crim.App.1984). This Court considered and rejected the identical argument in *Jones v. State*, 714 S.W.2d 138 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd 1988). Appellant's fourth and fifth points of error are overruled.

In his sixth point of error, appellant urges that the court erred in overruling his motion for instructed verdict because the evidence was insufficient to support a finding that a firearm was used or exhibited.

■ The indictment charged that appellant committed the offense of aggravated robbery "by using and exhibiting a deadly weapon, namely, a firearm." No gun was recovered and none was identified in court as being similar to the one appellant allegedly used. However, the complainant testified on direct exam as follows:

A: It wasn't a rifle. It was a handgun.
Q: A regular firearm, a handgun?
A: Yeah.

. . . .

A: At that time, he hit me on the back of my head with the gun.

. . . .

A: No, I was standing, and he shot at me.
Q: Did the gun flash?
A: Yes, it did. I saw sparks.
Q: And could you see an explosion?
A: I heard an explosion.
Q: Were you hit by the bullet?
A: No, I'm not going to say I was hit. I don't know.
Q: Did you feel anything?
A: I felt something on this hip. It was —it didn't bleed. It was just puffed up.

. . . .

A: I told him whatever he wanted I would give him. "Don't shoot me. I have a daughter. I pleaded for him not to shoot me."

Such evidence was sufficient to raise an issue of fact for the jury as to whether a firearm, a deadly weapon, was used.

In reviewing a "sufficiency of the evidence" point, the court must view the evidence in the light most favorable to the verdict, and must determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App.1984). *Gomez v. State*, 685 S.W.2d 333 (Tex.Crim.App. 1985), is directly on point. There, the State also alleged "firearm" in an aggravated robbery indictment, and proved "revolver." The Court of Criminal Appeals held that a "revolver" is a "firearm." *Gomez*, 685 S.W.2d at 336.

Appellant maintains that because the State used the word "firearm" in the indictment, it must negate the use of an "antique firearm manufactured prior to 1899," an exception to Tex.Penal Code Ann. sec. 46.01(3) (Vernon 1974). This point was rejected in *Wright v. State*, 582 S.W.2d 845 (Tex. Crim.App.1979).

Under Tex.Penal Code Ann. secs. 29.02 and 29.03 (Vernon 1974), "aggravated robbery" specifies use of a "deadly weapon." A "firearm" is a deadly weapon per se under Tex.Penal Code Ann. sec. 1.07(a)(11)(A) (Vernon 1974).

In our case, the complainant described the weapon: "It wasn't a rifle. It was a handgun." She attested to its use:

Q: Did the gun flash?

A: Yes, it did. I saw sparks.

Q: And could you see an explosion?

A: I heard an explosion.

On cross-examination, the complainant testified:

Q: Now, your assailant fired the gun at you, you testified.

A: Yes.

Q: How far away from you was he when he fired this shot?

A: I don't know. I guess about five feet, four or five feet.

Q: Okay. Now did you see him aim when he shot?

A: Yes, I did.

Q: Look like he was aiming at you?

A: Yes.

Q: He missed you from five feet away?

A: I did get struck with something. I think it was a chip off the building. I got struck.

The evidence of appellant's use of a gun, both as a club in striking the complainant and by discharging it, was sufficient to allow the jury to find that appellant used a firearm and was guilty of the offense as indicted. The trial court's finding was consistent with the jury verdict. Appellant's sixth point of error is overruled.

 In his seventh point of error, appellant urges that the trial court erred in overruling his motion to quash the indictment for failure to describe the type of property he was allegedly in the course of attempting to take from the complainant. The indictment merely described the property as "property owned by [the complainant]." Robbery, unlike theft, is an assaultive offense rather than an offense against property. Therefore, the property taken need not be described with further particu-

larity. *Brooks v. State*, 682 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd), citing *Rohlfing v. State*, 612 S.W.2d 598 (Tex.Crim.App.1981). Appellant's seventh point of error is overruled.

In his eighth point of error, and by his amended motion for rehearing, appellant suggests that the trial court erred in allowing the State to systematically exclude blacks from the jury panel.

 When the jurors selected were seated, and prior to excusing the remaining panel members, the judge inquired of counsel if both sides were satisfied with the panel. The State indicated that it was, and appellant's counsel stated, out of the jury panel's presence, "The only reason we are objecting—it's a long shot—we're objecting to the State's systematic exclusion of black persons on the panel because of race or skin color." The court responded, "Okay." Appellant's counsel made no further request, and did not seek to put any further matter of record. The court then excused the balance of the jury panel. The court's response did not constitute an adverse ruling, and nothing was preserved for review on appeal. An objection must be pressed to an adverse conclusory ruling or be waived. *Bailey v. State*, 532 S.W.2d 316 (Tex.Crim.App.1975).

*Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), held that a defendant could establish a prima facie case of purposeful discrimination against black jurors, in violation of the Equal Protection guarantees of the Fourteenth Amendment, by showing that the prosecutor used peremptory strikes systematically against members of the defendant's race. Once the defendant establishes such a prima facie case, the burden shifts to the State to furnish a racially neutral explanation for the challenges. *Id.* *Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App. 1987).

 Appellant was not prevented by the court's ruling from going forward with the matter of initially establishing in the record the racial composition of the venire, or the race of any persons stricken by

either State or defense. We conclude that he did not show systematic, purposeful racial discrimination by the State in the jury selection process.

Appellant's eighth point of error is overruled.

In his final two points, appellant contends that the trial court committed reversible error in denying his motion for new trial in his absence, and without giving him the benefit of an evidentiary proceeding.

The ground for the motion for new trial was the exclusion of blacks on the jury panel. The motion was overruled without hearing for the reason stated in the court's notation:

> Motion for new trial overruled without a hearing because [it] fails to state [a] ground for new trial under [Art.] 40.03.

■ The court's jurisdiction to order a new trial in a criminal case at the time this case was tried was governed by the former Tex.Code Crim.P.Ann. art. 40.03 (Vernon 1979), now Tex.R.App.P. 30, which provided at that time that a new trial should be granted for nine specified reasons and "for no other." Appellant's ground was neither a code ground nor one which required the court to await completion of trial to develop the record, such as with jury misconduct. It was accordingly incumbent upon appellant to raise the issue and develop the record at a time when the trial court could act to prevent harm. Although the case was tried prior to *Batson* and its procedures, no error was preserved because appellant failed to make any initial indication in the record as to the racial composition of the venire or the race of any persons stricken by either State or defense.

■ Because the court properly did not grant a hearing, appellant's right under Tex.Code Crim.P.Ann. art. 33.03 (Vernon Supp.1988) to be present at a hearing on a motion for new trial was not invoked. Appellant's points of error nine and 10 are overruled.

The judgment is affirmed.