Barbara Ann ZIMMELMAN, Paula
Judd, and Mario Quinones,
Appellants,

v.

HARRIS COUNTY, Texas, Harris County
Public Facilities Corporation, and The
City Partnership, Ltd., Appellees.

No. 01–90–00047–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 12, 1991.

Rehearing Denied Nov. 7, 1991.

W. Briscoe Swan, Houston, for appellant.

J. Graham Hill, Carlton D. Wilde, Jr., Kenneth D. Hughes and Allison Snyder, Houston, for appellees.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

Plaintiffs, three private citizens, appeal from a summary judgment against them in their suit against Harris County and two related entities. Plaintiffs sought to stop the construction of the proposed Harris County jail.[1] We affirm the summary judgment.

Plaintiff Zimmelman alleges she is a "property owner and property taxpayer in Harris County." Judd alleges she "is a student at the University of Houston Downtown Campus;" she alleges she lives within one-half mile of the facility. Quinones "will be a student at the University of Houston Downtown Campus when the jail is completed."

Defendant Harris County (the County) is a governmental subdivision of the State of Texas. Defendant Harris County Public Facilities Corporation (the Corporation) is a nonprofit corporation created in the public interest to finance the construction of the

1. The overcrowding of Harris County's jail has resulted in several lawsuits. *See Alberti v. Sheriff of Harris County*, 406 F.Supp. 649 (S.D.Tex. 1975). In 1987, the County began the process of building a new jail. Plaintiffs filed suit on October 4, 1988. The 4,200–inmate facility opened in August 1991, and is located at 701 North San Jacinto Street, in Houston.

new jail through the issuance and sale of bonds. The Corporation issued bonds totaling $89,840,000 to finance the construction of the jail. City Partnership, Ltd. (the Partnership) is a private developer that contracted with the Corporation to build the new jail on a "turn key" basis. The Partnership intervened in the lawsuit on the defense side, claiming to have an interest in the performance of the contracts.

On October 4, 1988, the three plaintiffs sued the County and the Corporation to stop the spending of funds for the building of the new jail in Houston. Plaintiffs filed a first amended petition on November 12, 1989. Plaintiffs sought injunctive and declaratory relief on seven grounds:

1. The jail was to be built within one-half mile of a school,—i.e., the University of Houston Downtown Campus, in alleged violation of TEX.LOCAL GOV'T CODE ANN. § 361.067 (Vernon Supp.1991), *then* TEX.REV.CIV.STAT.ANN. art. 5115e(f) (Vernon 1987);

2. The jail had more than 500 beds in alleged violation of TEX.REV.CIV.STAT. ANN. art. 5115e(b)(i) (Vernon 1987), now TEX.LOCAL GOV'T CODE ANN. § 361.065 (Vernon Supp.1991);

3. There is no statutory authority for a county to appoint a private corporation to build a government construction project;

4. The County spent an excessive sum of money to lease the land on which the jail was to be built, and thus the expenditures constitute an improper use of State funds in alleged violation of TEX.CONST. art. 3, § 51, and art. 11, § 3;

5. There was inadequate consideration for the County's expenditures (as a matter of common law);

6. The Texas Commission on Jail Standards had not approved the new jail as required by TEX.REV.CIV.STAT.ANN. art. 5115e(b)(1) (Vernon Supp.1987), now TEX.LOCAL GOV'T CODE ANN. § 361.062, (Vernon Supp.1991); and

7. The proposed project violated various public policy considerations.

Plaintiffs sought the following relief:

(1) To enjoin the County from spending funds to lease land for the jail;

(2) To obtain a declaratory judgment that the land lease contract between the County and the Corporation is invalid, and that further payments made pursuant to the jail project are void;

(3) To order the County to seek return of overpayments, gifts or donations of public funds utilized to purchase the property and warehouse at 701 N. San Jacinto Street, Houston, Texas;

(4) To obtain a declaratory judgment that the entire jail project is illegal and void;

(5) To enjoin the County from entering into any contracts regarding building a jail until the county receives approval of the Texas Commission on Jail Standards; and

(6) To recover attorneys' fees.

The case was removed to federal court for several months, but was remanded.

The County, the Corporation, and the Partnership moved for summary judgment, asserting as grounds:

1. Plaintiffs lack standing on their claims, as a matter of law;

2. The statutes upon which plaintiffs rely are inapplicable;

3. The Attorney General's approval of the bonds used to finance the new jail makes them incontestable in any Texas court for any reason;

4. The lease between the Corporation and Harris County for the new jail is not illegal;

5. Plaintiffs cannot satisfy the standards required for injunctive relief;

6. Plaintiffs are not entitled to the equitable remedy of injunction because they were dilatory in prosecuting their claims, and the doctrine of laches applies.

Plaintiffs replied on November 13, 1989, complaining:

1. The Corporation had filed no *timely* answer to plaintiffs' petition on which to base summary judgment; and

2. The three defendants' motions for summary judgment were unsupported by proper summary judgment evidence.

The trial judge granted summary judgment on November 21, 1989, dismissing all plain-

tiffs' claims against all defendants with prejudice. The judgment does not specify the grounds relied on by the trial court for its ruling.

█ The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

█ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

In a single point of error, plaintiffs complain that "the trial court erred in granting defendants' motion for summary judgment." [2]

█ Under this point, plaintiffs first argue that summary judgment for the defendant Corporation was improper because it had not filed an original answer to the lawsuit within seven days of the summary judgment hearing. Plaintiffs cite no authority for the assertion that a defendant who moves for summary judgment must have *an answer* on file within seven days of a summary judgment hearing. The Corporation filed its original answer on November 16, 1989, four days before the summary judgment hearing on November 20, 1989. It appears the Corporation, though named as a defendant, was never served with process in the suit. On October 25, 1989, the Corporation filed a motion for summary judgment and request for oral hearing, thereby appearing in the suit for all purposes.

We hold the fact that the Corporation did not file *an answer* to plaintiffs' petition until four days before the summary judgment hearing does not help plaintiffs, because the Corporation was a named defendant, it had already appeared in the lawsuit pursuant to its motion for summary judgment, and it was clear the Corporation contested plaintiffs' claims. In ruling on a motion for summary judgment, the trial court may consider the latest petitions and answers on file at the time of the hearing. TEX.R.CIV.P. 166a(c). Since the record is silent as to any basis to conclude that the Corporation's original answer was not considered by the trial court, and inasmuch as plaintiffs have not shown surprise or prejudice, leave of court to file the answer four days before the summary judgment hearing is presumed. *See Goswami v. Metro-*

---

2. We note that plaintiffs present a continuous, running argument, without providing us with record references to the objections and arguments allegedly made below. Accordingly, plaintiffs' brief does not comply with TEX. R.APP.P. 74(d), and plaintiffs could be deemed to have waived their right to complain on appeal. However, in the interest of justice, we will consider the merits of plaintiffs' argument.

*politan Sav. & Loan*, 751 S.W.2d 487, 490 (Tex.1988).

■ Plaintiffs next argue defendants' summary judgment evidence is insufficient to negate plaintiffs' theories or causes of action. Defendants reply that only questions of law are involved in this case, and that there are no genuine issues of material fact. Since the trial court did not specify which grounds it relied on in granting summary judgment, we will examine all grounds asserted and compare them with all theories advanced by plaintiffs, to determine whether defendants met their burden to prove, as a matter of law, that plaintiffs could not succeed upon any theories pleaded.

Defendants asserted as their first ground for summary judgment that plaintiffs lacked standing on their claims, as a matter of law. In Texas, taxpayers have standing to bring a suit in equity to enjoin public officials from expending funds under a void, illegal, or unconstitutional contract. *First Nat'l Bank v. Prudential Ins. Co. of Am.*, 551 S.W.2d 112, 113 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The Texas Supreme Court has identified the following narrow grounds upon which a taxpaying citizen may seek injunctive relief:

> Governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. The right, therefore, of a citizen to maintain such an action is *strictly limited* to cases of illegality of the proposed expenditure and does not extend to cases of unwise or indiscreet expenditures. The contract upon which it is proposed to pay out public funds *must be illegal* and not merely voidable at the option of the public official entrusted with authority in the premises.

3. The claims of plaintiffs are numbered as they were numbered earlier in this opinion when we described the allegations in plaintiffs' petition.

4. Plaintiffs' numbered claims one, two, three, four and six.

*Osborne v. Keith*, 142 Tex. 262, 177 S.W.2d 198, 200 (1944) (emphasis added).

We agree with defendants' position that plaintiffs cannot obtain the requested relief, as a matter of law, on any of its claims that attack the jail construction on *public policy* or *abuse of discretion* grounds. Accordingly, we hold defendants established their entitlement to summary judgment with regard to the following claims of plaintiffs:[3]

5. There was inadequate consideration for the county's expenditures (as a matter of common law);

7. The proposed project violated various public policy considerations (such as that the jail will ruin current plans for the beautification and development of Buffalo Bayou; the jail site is in the floodplain, etc.).

We construe the remaining five grounds for the injunctive and declaratory relief sought by plaintiffs to involve claims of *illegality.*[4]

■ Plaintiffs' first claim of *illegality* in their petition was based on their argument that TEX.LOCAL GOV'T CODE ANN. § 361.067 (Vernon Supp.1991)[5] prohibits the construction of the new jail at its present site, which is within one-half mile of two churches and an institution of higher education, the University of Houston–Downtown campus. Defendants, in their motion for summary judgment and on appeal, point out that TEX.LOCAL GOV'T CODE ANN. § 361.067 applies only to *municipal* jails, not county jails. We agree.

Plaintiffs rely upon, and the dissent to this opinion quotes, § 361.067 as a bar to the County's contract that is the basis of this proceeding. TEX.LOCAL GOV'T CODE ANN. §§ 361.061 through 361.067 comprise the entirety of Subchapter E, entitled "Municipal Contract with County or Private Entity for Jail Facilities." Collectively, these provisions relate to the authority of

5. Formerly TEX.REV.CIV.STAT.ANN. art. 5115e(f), Act of July 18, 1987, 70th Leg., 2nd C.S., ch. 35, § 1, 1987 Tex.Gen.Laws 123, 124, *amended by* Act of March 1, 1989, 71st Leg., R.S., ch. 1, § 75(b), 1989 Tex.Gen.Laws 96, 97.

*municipalities* to enter into jail and detention facility contracts with private vendors or counties; they do not pertain to, nor purport to limit, *county* contracts with private vendors for *county jails*. By its clear wording, § 361.067 imposes its one-half mile facility location limits "[n]otwithstanding any other provision of *this subchapter*." (emphasis added). The one-half mile location prohibition is limited to *municipal jails* regulated by the subchapter. Therefore, as a matter of law, § 361.067 provides no basis for plaintiffs' claims of illegality.

■ Plaintiffs' second claim of *illegality* in their petition was based on their argument that TEX.LOCAL GOV'T CODE ANN. § 351.105 (Vernon Supp.1991)[6] prohibits the building of the subject 4200–inmate county jail, because the statute restricts the size of the jail to one that will hold "not more than an average daily population of 500 inmates." We note that, effective August 28, 1989, the legislature repealed this statute. The trial court held a hearing on defendants' motions for summary judgment on November 20, 1989, and on November 21, 1989, granted summary judgment. We hold the repealed statute cannot be a basis for enjoining construction of the new jail, as a matter of law.

■ Plaintiffs' third claim of *illegality* in their petition was based on their argument there is no statutory authority for a county commissioners' court to appoint a private corporation to build a government construction project. In the present case, the County established the defendant Corporation to raise funds for the construction of the jail through bonds; the Corporation has contracted with a private developer to build the jail; and the County will lease the jail back from the defendant Corporation, with a purchase right at the end of the lease.

■ A commissioners' court may exercise only those powers specifically conferred upon it by the Constitution or a

state statute. *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). In the exercise of its express power, however, a commissioners' court has the implied authority to exercise a broad discretion to accomplish an authorized purpose. *Canales v. Laughlin*, 147 Tex. 169, 171, 214 S.W.2d 451, 453 (1948); *Schope v. State*, 647 S.W.2d 675, 678 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd); *Cosby v. County Comm'rs.*, 712 S.W.2d 246, 248 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

Harris County has the authority to construct the new jail under TEX.LOCAL GOV'T CODE ANN. § 292.001 (Vernon 1988), and TEX.CONST. art. XI, § 2 of the Texas Constitution. *See also* TEX.LOCAL GOV'T CODE ANN. § 351.001 (Vernon 1988) (county commissioners have duty to provide safe and suitable county jails.). As an extension of its power to provide for county jail facilities, the County, in the exercise of its discretion, utilized a private, non-profit corporation. The Texas Attorney General has determined that a county has the implied authority to purchase a jail from a private company—such as the Harris County Public Facilities Corporation—by a lease purchase contract. *See* Op.Tex. Att'y Gen. No. JM–697 (1987). Further, the particular bonds involved here, along with the lease, were submitted as required by law to the Texas Attorney General for review and approval. *See* TEX.REV.CIV.STAT.ANN. art. 717k–6 (Vernon Supp.1991). The bonds and the lease were approved by the attorney general, and the bonds were registered by the comptroller of public accounts on September 21, 1988. Certified copies of the attorney general's approval of the bonds and the lease, and the comptroller's registration, were attached as exhibits to defendants' motions for summary judgment.

Pursuant to TEX.REV.CIV.STAT.ANN. art. 717k–6, § 2 (Vernon Supp.1991), upon the approval by the attorney general of such bonds and any contracts securing the bonds (in this case, the lease), "such bonds

---

**6.** Formerly TEX.REV.CIV.STAT.ANN. art. 5115d(g), Act of June 19, 1983, 68th Leg., R.S., ch. 898, § 2, 1983 Tex.Gen.Laws 5007, *amended by* Act of March 1, 1989, 71st Leg., R.S., ch. 1, § 73(a),

1989 Tex.Gen.Laws 84, *repealed by* Act of June 14, 1989, 71st Leg., R.S., ch. 479, § 5, 1989 Tex.Gen.Laws 1652.

**184**

and any contracts, proceeds from which are pledged to the payment thereof, shall be incontestable in any court or other forum for any reason, and shall be binding obligations in accordance with their terms for all purposes." *See also* TEX.REV.CIV.STAT. ANN. art. 717k–8, § 3.002 (Vernon Supp. 1991).

We hold the County's arrangement with the defendant Corporation, including the lease/purchase agreement and the financing structure, is incontestable by plaintiffs, as a matter of law. As previously noted, whether the County *abused its discretion* in structuring the jail construction project in this way is not subject to attack by these plaintiffs. *See Osborne,* 177 S.W.2d at 200.

■ Plaintiff's fourth claim of *illegality* in their petition was that the County spent an excessive sum of money to lease the land on which the jail was to be built, and thus the expenditures constitute an improper use of State funds in violation of TEX.CONST. art. 3, § 51, and art. 11, § 3. The purpose of these provisions of the Texas Constitution is to prevent the gratuitous application of public funds for private purposes. *State v. City of Austin,* 160 Tex. 348, 357, 331 S.W.2d 737, 742 (1960) (regarding art 3, § 51); *Barrington v. Cokinos,* 161 Tex. 136, 145, 338 S.W.2d 133, 140 (1960) (regarding art. 11, § 3). However, an expenditure for the direct accomplishment of a legitimate public purpose is not rendered unlawful merely because a private business or individual is benefitted thereby. *Barrington,* 161 Tex. at 145, 338 S.W.2d at 140. In the present case, Harris County is expending funds pursuant to its express authority and obligation to provide county jails; therefore, there is no violation of these constitutional provisions. It appears plaintiffs' fourth complaint is, in actuality, a complaint that the commissioners' court *abused its discretion* in authorizing the expenditure of excessive funds; plaintiffs cannot obtain their requested relief, for the reasons previously discussed in this opinion. *See Osborne,* 177 S.W.2d at 200.

■ Plaintiffs' sixth and last claim of *illegality* was based on their assertion that the Texas Commission on Jail Standards had not approved the new jail as required by TEX.LOCAL GOV'T CODE ANN. § 361.062 (Vernon Supp.1991).[7] As we noted earlier in this opinion, § 361.061 through 361.067 apply only to municipal jails, not county jails. Therefore, as a matter of law, this statute provides no basis for plaintiffs' claims of illegality.

We hold that summary judgment for defendants was proper. We overrule plaintiffs' sole point of error.

We affirm the judgment.

O'CONNOR, J., dissenting.

O'CONNOR, Justice, dissenting.

I dissent. Plaintiffs claim the construction of the jail was illegal because of a prohibition in TEX.REV.CIV.STAT.ANN. art. 5115e(f), located now in TEX.LOCAL GOV'T CODE ANN. § 361.067 (Vernon Supp.1991). The plaintiffs argue that article 5115e(f) prohibits the construction of the new jail at its present site, because it is within one-half mile of two churches and an institution of higher education, the University of Houston–Downtown campus. I agree. The majority rejects the plaintiffs' argument because it claims that article 5115e applies only to municipal jails, not county jails. I do not read the statute as does the majority. It says:

> Notwithstanding any other provision of this subchapter, a private vendor or *county may not establish a jail,* detention center, work camp, or related facility in a municipality with a population of 1,500,000 or more *if that facility is to be located within one-half mile of a public school, institution of higher education, or place of worship.*

(Emphasis added).

The majority claims the location of section 361.067 in Subchapter E, entitled "Municipal Contract with County or Private

**7.** Formerly TEX.REV.CIV.STAT.ANN. art. 5115e(b)(1), Act of July 18, 1987, 70th Leg., 2nd C.S., ch. 35, § 1, 1987 Tex.Gen.Laws 123, 123–24, *amended by* Act June 14, 1989, 71st Leg., ch. 1, § 75(a), 1989 Tex.Gen.Laws 96.

Entity for Jail Facilities," restricts its application to municipal jails and does not apply to county jails. It is a well-known tenet of statutory construction that titles and headings of laws are not in themselves laws. The Code Construction Act provides that a heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute. TEX.GOV'T CODE ANN. § 311.024 (Vernon 1988); *see also Brooks v. State*, 682 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

The majority states that "by its clear wording" section 361.067 imposes the one-half mile location on jails created by contract between municipal governments and county governments. To reach this interpretation, the majority must first ignore the tenet that headings are not laws, and then ignore the "notwithstanding any other provision" language that begins the section.

On its face, article 5115e(f) prohibits counties from establishing jail facilities within one-mile of certain institutions. I would reverse the summary judgment.