T.C. Memo. 1997-34

UNITED STATES TAX COURT

MARK J. FUHRMAN & MARY A. FUHRMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21178-95.                    Filed January 21, 1997.

Mark J. Fuhrman and Mary A. Fuhrman, pro sese.

<u>J. Anthony Hoefer</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $630. The issue for decision is whether petitioners are entitled to a deduction for contributions to individual retirement accounts. The resolution of this issue turns upon whether Mark J. Fuhrman was an employee, within the meaning of section 219(g)(5), of the State of Nebraska during 1992.

Background

All of the facts have been stipulated and they are so found. At the time that the petition was filed in this case, petitioners resided in Fremont, Nebraska. References to petitioner are to Mark J. Fuhrman.

In 1992, petitioner was a district court judge for the Sixth Judicial District in the State of Nebraska. The appointment process, powers, and duties of such judges are described in the Nebraska Constitution and Nebraska Revised Statutes.

During 1992, petitioner was a member of, and contributed to, the Nebraska Retirement Fund for Judges (the fund). The fund was established and is administered pursuant to Neb. Rev. Stat. secs. 24-701 through 24-714 (1995). It is funded from the following sources: deductions withheld from the Nebraska judges' salaries; a $1 fee taxed as costs in each civil and criminal cause of action or proceeding filed in the Nebraska district and county courts; a sum equal to 10 percent of the fees assessed in probate, inheritance tax, trust, and guardianship and

conservatorship proceedings in the Nebraska county courts; and fees assessed in prosecution actions related to city ordinances regulating non-moving traffic violations.

On their 1992 Federal income tax return (the 1992 return), petitioners reported gross income of $73,505.46 and adjusted gross income of $71,161.85. The income so reported consists primarily of petitioner's salary as a Nebraska district court judge. Mary Fuhrman was unemployed and received no compensation during 1992. On the Form W-2 provided to petitioner by the State of Nebraska and attached to the 1992 return, there is an "X" in the box for pension plan. During 1992, petitioner contributed $2,250 to individual retirement accounts (IRA's) described in section 408. On the 1992 return, petitioners claimed a deduction of $2,250 for the contributions to the IRA's.

In the notice of deficiency, respondent disallowed the IRA deduction and provided the following explanation:

> We didn't allow your deduction for IRA contributions because you were covered by a retirement plan at work * * *, and your "modified adjusted gross income" is more that $50,000 * * *.

## Discussion

As a general rule, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. For a married individual filing a joint return, the deduction in any taxable year may not exceed the lesser of $2,250 or an amount equal to the compensation includable in the

individual's gross income for the taxable year. Sec. 219(c)(2). If the individual is an active participant in certain pension plans during the taxable year, the deduction is reduced if the individual's adjusted gross income exceeds a threshold amount as specified in section 219(g). For an individual who files a joint Federal income tax return, this provision results in the total disallowance of the deduction if the individual's adjusted gross income exceeds $50,000.

The provisions of section 219(g) are only applicable if the individual, or the individual's spouse, is an "active participant" in certain pension plans for any part of the taxable year. For purposes of this case, an "active participant" includes an individual who is an active participant in a plan established for its employees by a State or political subdivision thereof. Sec. 219(g)(5)(A)(iii); see Freese v. Commissioner, T.C. Memo. 1996-224.

Implicit in respondent's adjustment disallowing the deduction here in dispute is her determination that petitioner was an employee of the State of Nebraska. Petitioners disagree and argue that petitioner was not an employee, but rather an officer of the State of Nebraska. Therefore, according to petitioners, he was not an active participant in a retirement plan established by the State of Nebraska for its employees. Thus, petitioners contend that the provisions of section 219(g) do not operate to reduce or eliminate their IRA deduction.

The parties focus on petitioner's employment relationship with the State of Nebraska, and we do likewise. Petitioners apparently agree that the fund constitutes a pension plan within the meaning of section 219(g), and to the extent that petitioner was an employee of State of Nebraska, he was an active participant in that plan.

Although the term "employee" is defined for other purposes throughout the Internal Revenue Code, see e.g., section 3401(c), Congress did not provide a statutory definition for purposes of section 219. However, this Court and the Court of Appeals for the Eighth Circuit, where appeal lies in this case, focused precisely on this point in Porter v. Commissioner, 88 T.C. 548 (1987), revd. 856 F.2d 1205 (8th Cir. 1988), affd. on other grounds sub nom. Adams v. Commissioner, 841 F.2d 62 (3d Cir. 1988).

In Porter v. Commissioner, supra, we considered whether for purposes of section 219(g), Federal judges appointed under Article III of the United States Constitution (Federal judges) were employees of the United States. Acknowledging that Congress used the term "employee" in different ways throughout the Internal Revenue Code, we decided that for purposes of that section Congress intended the common-law definition of the term to apply. Id. at 553-554. After reviewing the authority and function of Federal judges and the relevant common-law principles typically considered in resolving issues relating to the

characterization of master-servant type relationships, we concluded that for purposes of section 219(g), Federal judges were not employees of the United States. Therefore, we held that the limitations imposed by that section were not applicable to Federal judges.

Congressional reaction to our opinion in Porter was relatively swift. In the Omnibus Budget Reconciliation Act of 1987 (OBRA), Pub. L. 100-203, sec. 10103, 101 Stat. 1330-386, which was not codified, Congress specifically provided that Federal judges should be treated as employees for purposes of section 219(g).

Following the enactment of section 10103 of OBRA, in Porter v. Commissioner, 856 F.2d 1205 (8th Cir. 1988), revg. 88 T.C. 548 (1987), the Court of Appeals for the Eighth Circuit reversed our decision. The Court of Appeals for the Eighth Circuit rejected our method of construing the statutory language, and directed that the term "employee" be defined by giving it a meaning consistent with the general purposes of the statute in which it is found. Id. at 1208. In this regard, the Court of Appeals for the Eighth Circuit concluded that Congress enacted section 219 in an attempt to achieve, with respect to tax advantaged retirement plans, some degree of parity between those individuals who had access to such plans through employment and those individuals who did not. Treating both categories of individuals equally for purposes of section 219 would not be consistent with the overall

goal of the statute.  Accordingly, the Court of Appeals for the Eighth Circuit reasoned that for purposes of section 219(g), the term "employee" should be broadly defined to include those individuals who are otherwise covered by employment-based, tax advantaged retirement plans.  Using this definition, the Court of Appeals for the Eighth Circuit held that for purposes of section 219(g), Federal judges were employees of the United States and subject to the limitations imposed by that section.

The Court of Appeals for the Eighth Circuit considered section 10103 of OBRA and concluded that the legislation supported its reasoning.  Contrary to petitioners' argument on the point, the Court of Appeals for the Eighth Circuit did not base its holding on such legislation.

Given the Court of Appeals for the Eighth Circuit's holding as to how the term "employee" is to be defined for purposes of section 219, there is no point in addressing petitioners' contention that under relevant common-law principles, petitioner is no more an employee of the State of Nebraska than a Federal judge is an employee of the United States.  Likewise, we need not consider petitioners' argument that section 10103 of OBRA is only applicable to Federal judges.  Whether we agree with petitioner on either point is of no consequence in applying the holding of the Court of Appeals for the Eighth Circuit to the facts of this case, as we are persuaded by respondent to do.  See Golsen v.

Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

Because petitioner was covered by an employment-based, tax advantaged retirement plan during 1992, we hold that for purposes of section 219(g) he was an employee of the State of Nebraska.

Accordingly, there being no dispute as to whether the fund was a pension plan within the meaning of section 219, respondent's determination disallowing the deduction here in dispute is sustained.

To give effect to the foregoing,

Decision will be

entered for respondent.