

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 17, 2000

The Honorable Sherri Greenberg
Chair, Committee on Pensions & Investments
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0197

Re:  Whether section 49.069(b) of the Water Code authorizes a water district to establish a retirement system for district directors, and related question  (RQ-0128-JC)

Dear Representative Greenberg:

Section 49.069 of the Water Code authorizes a water district to "establish a public retirement system in accordance with" chapter 810 of the Government Code. TEX. WATER CODE ANN. § 49.069(b) (Vernon Supp. 2000). Section 810.001 of the Government Code, with exceptions not applicable here, generally permits a political entity to establish and maintain a public retirement system for its appointive officers and employees. See TEX. GOV'T CODE ANN. § 810.001(b) (Vernon 1994). You ask whether section 49.069(b) of the Water Code authorizes a district to establish a retirement system for district directors. See Letter from Honorable Sherri Greenberg, Chair, Committee on Pensions & Investments, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Sept. 28, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that it does not authorize a water district to include in its retirement system district directors who hold elective offices.

You also ask whether directors "perform service" for an eligible employer under section 457, 26 U.S.C., which codifies the tax treatment of local governments' deferred-compensation plans. See Request Letter, supra, at 1; 26 U.S.C. § 457 (1994); Rheal v. Commissioner, 58 T.C.M. (CCH) 229, 231 (1989). Because this issue properly lies within the province of the Internal Revenue Service and because the law in this area is unclear, we do not answer the question.

Your questions center upon section 49.069(b) of the Water Code, which authorizes the governing body of a water district to establish a public retirement system and a deferred-compensation plan:

> The board may establish a public retirement system in accordance with the provisions of Chapter 810, Government Code. The board may also provide for a deferred compensation plan described by Section 457 of the Internal Revenue Code of 1986 (26 U.S.C. [§] 457).

TEX. WATER CODE ANN. § 49.069(b) (Vernon Supp. 2000).

The heading of section 49.069, "Employee benefits," does not by itself limit the reach of subsection (b) to employees if the statutory text plainly includes water-district officers in the class of those for whom a water district may establish a public retirement system or a deferred-compensation plan. Your letter suggests that section 49.069's heading limits a public retirement system or a deferred-compensation plan authorized by subsection (b) to one in which district board members may not participate. *See* Request Letter, *supra*, at 1. A statute's heading cannot limit the plain meaning of the statute. *See* TEX. GOV'T CODE ANN. § 311.024 (Vernon 1998); *Hays County Appraisal Dist. v. Southwest Tex. State Univ.*, 973 S.W.2d 419, 422 (Tex. App.–Austin 1998, no pet.) (restating Code Construction Act); *Brooks v. State*, 682 S.W.2d 437, 438 (Tex. App.–Houston [1st Dist.] 1984, pet. ref'd, untimely filed) (same).

Regardless, we conclude that the text of section 49.069 does not authorize a water district to establish a retirement system for district directors who hold offices that are, by nature, elective. Chapter 810 of the Government Code, which section 49.069 incorporates by reference, limits a political entity's authority to establish a public retirement system in which only "appointive officers" may participate. *See* TEX. GOV'T CODE ANN. § 810.001(b) (Vernon 1994); TEX. WATER CODE ANN. § 49.069(b) (Vernon Supp. 2000). Under section 810.001 of the Government Code, the governing body of a political entity that is not specifically prohibited from doing so may include in its public retirement system "its appointive officers." TEX. GOV'T CODE ANN. § 810.001(b) (Vernon 1994); *see also id.* § 810.001(d) (stating that authority to establish and maintain public retirement system does not extend to political entity in certain circumstances). An "appointive" office depends upon appointment. *See* I OXFORD ENGLISH DICTIONARY 578 (2d ed. 1989). Water-district directors generally hold elective, not appointive, offices (even though a particular director may be appointed to fill a vacancy). *See* TEX. WATER CODE ANN. §§ 49.054(b), .055(a), .101-.105 (Vernon Supp. 2000). Accordingly, section 49.069 of the Water Code and chapter 810 of the Government Code do not permit a water district to establish a retirement system for officials holding elective offices.

We next consider whether water-district directors "perform service" for an "eligible employer" in the context of section 457(b), 26 U.S.C., and thus may participate in a water-district-established deferred-compensation plan. Under section 457, compensation deferred under an "eligible deferred-compensation plan" is included in a participant's gross income in the taxable year in which the participant receives the money, not in the year in which the participant earns the compensation. *See* 26 U.S.C. § 457(a) (1994); *id.* § 7701(a)(23) (1994) (defining "taxable year"); *cf. id.* § 451(a) (1994) (stating general rule that "amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer," unless some exception applies). Subsection (b) defines the term "eligible deferred-compensation plan" as "a plan established and maintained by an eligible employer . . . in which only individuals *who perform service for the employer* may be participants . . . ." *Id.* § 457(b) (emphasis added). The term "eligible employer" includes a political subdivision of the state, *see id.* § 457(e)(1).

We are unable definitively to answer this question. Whether a given deferred-compensation plan qualifies for tax deferral under 26 U.S.C. § 457 is a determination ultimately to be made by the Internal Revenue Service. *See Arizona Governing Comm. for Tax Deferred Annuity & Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 1076 n.1 (1983) (Marshall, J., concurring).

Moreover, the answer is not clear. On the one hand, under the plain language of the statute a water-district director appears to be eligible to participate in a deferred-compensation plan established by the water-district because the director performs services for a water district. *See* 26 U.S.C. § 457(b) (1994). Additionally, an officer of a water district may participate in a deferred-compensation plan created under state law. *See* Tex. Gov't Code Ann. § 609.102(a) (Vernon 1994); *see also id.* § 609.001(2) (defining "employee" to include "officer or employee of a state agency or political subdivision").

On the other hand, Internal Revenue Service regulations suggest that a water-district director may not participate in a deferred-compensation plan under 26 U.S.C. § 457. Under Internal Revenue Service regulations, "only . . . *an employee . . . or . . . an independent contractor*" may participate in a deferred-compensation plan under 26 U.S.C. § 457. *See* 26 C.F.R. § 1.457-2(d) (1999) (emphasis added). The regulations do not define the term "employee," and the statutory definition of "employee" does not indicate whether officers of governmental entities are included within the term. *See* 26 U.S.C. § 7701(a)(20) (1994) (defining "employee" for purpose of applying 26 U.S.C. subtitle A to "include a full-time life insurance salesman who is considered an employee for the purpose of chapter 21, or in the case of services performed before January 1, 1951, who would be considered an employee if his services were performed during 1951"). According to the United States Supreme Court, however, when the term "employee" is used in the law without an accompanying definition, the term presumably describes "the conventional master-servant relationship as understood by the common-law agency doctrine." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992) (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 739-40 (1998)); *see* Priv. Ltr. Rul. 97-44-009 (July 31, 1997) (applying in context of 26 U.S.C. § 457 common-law definition of "employee"). Thus, "an employer-employee relationship exists if the business for which the worker performs services has the right to control and direct the worker, not only as to the result to be accomplished by the work but also as to the details and means by which the result is to be accomplished." Priv. Ltr. Rul. 97-44-009 (July 31, 1997). A water-district director is subject to little control (other than the law) from any executive, judicial, or legislative authority; consequently, the director is not an employee of the district under the common law. *See Porter v. Commissioner*, 856 F.2d 1205, 1208 (8th Cir. 1988); *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.–Galveston 1949, writ ref'd)) (distinguishing public officer from employee by examining whether "any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others") (emphasis added). *But see Porter*, 856 F.2d at 1209 (determining that federal judges are treated as employees for purposes of IRA deductibility); *see also Fuhrman v. Commissioner*, 73 T.C.M. (CCH) 1792 (1997) (following *Porter*). If a director is not an employee of the water district, then under the regulatory interpretation of 26 U.S.C. § 457, the director may not participate in a water district's deferred-compensation plan. *See Foil v. Commissioner*, 920 F.2d 1196, 1201 (5th Cir. 1990) (according Internal Revenue Service interpretations of federal law "serious consideration").

## S U M M A R Y

Section 49.069(b) of the Water Code does not authorize a water district to establish a public retirement system for district directors. It is not clear under the law whether water-district directors may participate in a deferred-compensation plan that the district has established under 26 U.S.C. § 457.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee