

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00379-CV

———————————————

HARRIET NICHOLSON, Appellant

V.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CWMBS REFORMING LOAN REMIC TRUST CERTIFICATES SERIES 2005-R2; MELANIE COWAN; BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; COUNTRYWIDE HOME LOANS, INC., AND DAVID STOCKMAN, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-262692-12

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

## I. Introduction

This case originated almost a decade ago with pro se[1] appellant Harriet

Nicholson's 2012 lawsuit challenging a wrongful home foreclosure. Nicholson,[2] who

still lives in the home at issue, prevailed on the wrongful-foreclosure issue but

---

[1]Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules. *Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). This is to ensure fairness in our treatment of all litigants through use of a single set of rules. *Id.* The parties and this court are bound by the statutes, cases, and rules of procedure that apply to the case. *Id.*

[2]Nicholson and the parties she has sued in this case are not strangers to this court. *See Nicholson v. NationStar Mortg., LLC*, No. 02-21-00074-CV, 2021 WL 3557080, at *1 (Tex. App.—Fort Worth Aug. 12, 2021, no pet.) (per curiam) (mem. op.) (granting Nicholson's unopposed motion to dismiss appeal); *Nicholson v. Harvey Law Grp.* (*Nicholson I*), No. 02-20-00180-CV, 2021 WL 1134455, at *1 (Tex. App.—Fort Worth Mar. 25, 2021, pet. denied) (mem. op.); *In re Nicholson*, No. 02-21-00068-CV, 2021 WL 1011902, at *1 (Tex. App.—Fort Worth Mar. 17, 2021, orig. proceeding) (per curiam) (mem. op.) (denying petition for writ of mandamus); *In re Nicholson*, 02-20-00272-CV, 2020 WL 5525330, at *1 (Tex. App.—Fort Worth Sept. 15, 2020, orig. proceeding) (per curiam) (mem. op.) (same); *Nicholson v. Stockman* (*Nicholson II*), No. 02-19-00103-CV, 2020 WL 241420, at *1 (Tex. App.—Fort Worth Jan. 16, 2020, pet. denied); *Nicholson v. Bank of Am., N.A.* (*Nicholson III*), No. 02-19-00085-CV, 2019 WL 7407739, at *1 (Tex. App.—Fort Worth Dec. 31, 2019, pet. denied) (mem. op.); *In re Nicholson*, No. 02-19-00163-CV, 2019 WL 2111848, at *1 (Tex. App.—Fort Worth May 14, 2019, orig. proceeding) (per curiam) (mem. op.) (denying petition for writ of mandamus); *In re Nicholson*, No. 02-19-00022-CV, 2019 WL 490132, at *1 (Tex. App.—Fort Worth Feb. 7, 2019, orig. proceeding) (per curiam) (mem. op.) (same); *Nicholson v. Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc.*, No. 02-18-00035-CV, 2019 WL 406165, at *1 (Tex. App.—Fort Worth Jan. 31, 2019, pet. denied) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction); *see also Nicholson v. Nationstar Mortg., LLC*, No. 08-16-00148-CV, 2016 WL 4208100, at *1 (Tex. App.—El Paso Aug. 10, 2016, no pet.) (mem. op.) (dismissing appeal for want of prosecution after docket-equalization transfer).

complains about the trial court's summary judgments on her other claims and various other rulings in favor of Appellees The Bank of New York Mellon fka the Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., CWMBS Reforming Loan Remic Trust Certificates Series 2005-R2 (BONY); Melanie Cowan; Bank of America, N.A.; ReconTrust Company, N.A.; Countrywide Home Loans, Inc.; and David Stockman.[3] We affirm.

## II. Background

### A. Earlier Appeals involving the Same Facts and Same Parties

The instant appeal arises from the same facts as Nicholson's earlier appeals in this court in which we affirmed summary judgments for ReconTrust and BONY, *Nicholson I*, 2021 WL 1134455, at *1,[4] Stockman, *Nicholson II*, 2020 WL 241420, at *1, and Bank of America and Countrywide. *Nicholson III*, 2019 WL 7407739, at *1. We rely on our earlier opinions to present a complete factual picture.

In 2001, Nicholson executed a deed of trust to her home in Tarrant County in favor of Mortgage Electronic Registration Systems, Inc. (MERS)—the nominee of the lender, Mid America Mortgage, Inc. and its successors and assigns—to secure a contemporaneous $125,048 promissory note for the home's purchase. *Nicholson I*,

---

[3]BONY, Bank of America, Countrywide, ReconTrust, and Cowan filed an appellee's brief together in this case; collectively, they are the BONY Appellees. Stockman filed a separate appellee's brief.

[4]In *Nicholson I*, we also affirmed summary judgments for Harvey Law Group and Nationstar Mortgage LLC, both of which played roles in the post-foreclosure litigation involving Nicholson's home. 2021 WL 1134455, at *1, *5.

2021 WL 1134455, at *1; *Nicholson II*, 2020 WL 241420, at *1 & n.1. Countrywide was initially the loan's servicer, and Bank of America became the loan's servicer after Countrywide assigned the loan to Bank of America's predecessor by merger. *Nicholson I*, 2021 WL 1134455, at *1. At some point after litigation began between these earlier parties and others, Nationstar became the loan's servicer. *Id.*

The deed of trust was recorded in Tarrant County. *Nicholson II*, 2020 WL 241420, at *1. After Nicholson defaulted,[5] ReconTrust was hired to initiate the foreclosure. *Nicholson I*, 2021 WL 1134455, at *1. Bank of America appointed Stockman as the substitute trustee to enforce the deed, and Stockman sold the property to BONY at a July 3, 2012 nonjudicial foreclosure sale. *Nicholson II*, 2020 WL 241420, at *1.

However, the notice of foreclosure sale listed the Dallas County courthouse as the sale's location, rather than the Tarrant County courthouse.[6] *Nicholson III*, 2019 WL 7407739, at *1. After BONY brought a successful forcible-detainer action to evict her, *Nicholson II*, 2020 WL 241420, at *1, Nicholson sued for wrongful

---

[5]According to the BONY Appellees, Nicholson "first defaulted on her loan in 2004, and has been almost perpetually in default on her loan since." Documents Nicholson attached to her summary-judgment response support that she became delinquent on her monthly mortgage payments in July 2004 and then was granted two loan modifications—one in 2006 and the other in 2009—but failed to comply with their terms, resulting in the 2012 foreclosure that led to the instant litigation.

[6]The portion of Grand Prairie in which Nicholson's home is located is within Tarrant County.

foreclosure and to stop her eviction.[7] *Id.*; *Nicholson III*, 2019 WL 7407739, at *1. Nicholson brought a variety of claims—including violation of Civil Practice and Remedies Code Section 12.002,[8] negligence per se, gross negligence per se, fraud, and requests for declaratory relief—in a variety of cases. *Nicholson I*, 2021 WL 1134455, at *1; *Nicholson III*, 2019 WL 7407739, at *1. Nicholson unsuccessfully sought to consolidate her cases, including the instant case filed in the 342nd District Court of Tarrant County, a case she had filed in the 96th District Court of Tarrant County, and cases she had filed in the 48th District Court of Tarrant County.

In the 48th Court, Bank of America and Countrywide each filed a motion for summary judgment on identical bases—res judicata, collateral estoppel, and the economic loss rule, as well as on no-evidence grounds—and the court granted the motions. *Nicholson III*, 2019 WL 7407739, at *2. We affirmed the 48th Court's summary judgments on Nicholson's tort claims against Bank of America and Countrywide because Nicholson had failed to challenge every ground—including the economic loss rule—upon which the summary judgments could have been granted. *Id.* at *3. We affirmed the remainder of the summary judgments based on Nicholson's failure to explain how the record showed that she had provided controverting

[7]Nicholson filed the instant case on November 5, 2012.

[8]Under Civil Practice and Remedies Code Chapter 12, a person who owns an interest in real property may bring an action to recover damages for a fraudulent lien or claim against real property. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.003(a)(8); *see generally id.* § 12.001(3) (defining "lien" to mean a claim in property for the payment of a debt, including a security interest), § 12.002(a) (setting out elements of claim).

evidence to defeat Bank of America and Countrywide's entitlement to summary judgment on any of her claims, much less how any of the evidence raised a fact issue. *Id.* at \*3–4; *see* Tex. R. App. P. 38.1(i); *see also Barcroft*, 2017 WL 3910911, at \*5 n.11 (noting that pro se litigants tend to lose because their lack of legal education or training tends to lead them to critical mistakes of form and substance).

While the instant suit was pending in the 342nd Court, Stockman executed a rescission of the 2012 foreclosure sale, cancelled the prior substitute trustee's deed based on the foreclosure sale's improper location, and recorded this instrument in the Tarrant County real property records. *Nicholson I*, 2021 WL 1134455, at \*1; *Nicholson II*, 2020 WL 241420, at \*1; *Nicholson III*, 2019 WL 7407739, at \*1. During the instant litigation, the 342nd Court found that the substitute trustee's deed and Stockman's subsequent rescission were "invalid."[9] *Nicholson II*, 2020 WL 241420, at \*1; *Nicholson III*, 2019 WL 7407739, at \*1.

In the 48th Court, Stockman moved for no-evidence summary judgment on Nicholson's claims against him for fraud and conspiracy to commit fraud, and the trial court granted the motion. *Nicholson II*, 2020 WL 241420, at \*1, \*3. Nicholson amended her petition, raised new claims against Stockman for violation of Civil

---

[9]The BONY Appellees stipulated during this case's 2017 summary-judgment hearing that the substitute trustee's deed and rescission document were void. The trial court observed, "[Y]ou're essentially conceding there hasn't been anything wrongful about her possession of the property," noting that none of the BONY Appellees' legal fees should be added to the balance of Nicholson's loan. The BONY Appellees' counsel agreed and said that his only caveat was that Nationstar, as the current loan servicer, might disagree and that he did not represent Nationstar.

Practice and Remedies Code Section 12.002, negligence per se, gross negligence, and declaratory relief, and again raised claims against him for fraud and conspiracy to commit fraud. In a summary-judgment motion, Stockman raised res judicata on the old claims and argued that there was no evidence to support Nicholson's new claims against him. *Id.* The 48th Court granted the motion. *Id.*

On appeal, Nicholson argued that material fact issues on each of her claims precluded summary judgment. *Id.* at \*2. However, she failed to explain what specific evidence supported each element of her claims, to discuss what those elements were, or to parse each ground raised in the no-evidence motion. *Id.* at \*3 (observing that Nicholson's brief was a flagrant violation of the procedural rules and concluding that she had failed to present an error as to summary judgment due to her inadequate briefing). Accordingly, we affirmed the trial court's judgment. *Id.* at \*4.

Nicholson's underlying loan remained in default. *Nicholson I*, 2021 WL 1134455, at \*1–2, \*4. On February 17, 2015, Countrywide, through Nationstar as its attorney-in-fact, assigned the 2001 deed of trust to BONY. And in April 2016, Harvey Law Group, Nationstar's counsel, notified Nicholson that her underlying loan remained in default, *id.* at \*2, \*4, reminding her that the note had been accelerated on April 24, 2012, and informing her that, pursuant to Civil Practice and Remedies Code Section

16.038, "Nationstar . . . and the lienholder have elected to rescind the acceleration of the maturity of the Indebtedness." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.038.[10]

Nicholson then sued Harvey Law Group, ReconTrust, Nationstar, and BONY in the 48th Court, asserting that they had made material misrepresentations and had knowingly filed documents that had falsely clouded her title, constituting negligence and gross negligence and violating Civil Practice and Remedies Code Section 12.002. *Nicholson I*, 2021 WL 1134455, at *2. She also raised claims for fraud and conspiracy to commit fraud and sought numerous declarations regarding her property's title. *Id.* BONY, Nationstar, and ReconTrust filed traditional motions for summary judgment, arguing that Nicholson had failed to raise a genuine issue of material fact on each element of her claims for affirmative relief, and Harvey Law Group moved for a traditional summary judgment based on the affirmative defense of attorney immunity.

---

[10]Section 16.038 was added to the Civil Practice and Remedies Code in 2015 but applies to a maturity date accelerated before, on, or after the act's effective date and to any notice of rescission or waiver of an accelerated maturity date served before, on, or after the act's effective date. Act of May 26, 2015, 84th Leg., R.S., ch. 759, §§ 1–3, 2015 Tex. Sess. Law Serv. 2308, 2308–09 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 16.038). Section 16.038 provides that if the maturity date of a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with Section 16.038 before the limitations period expires, the acceleration is deemed rescinded and waived and the note or obligation "shall be governed by Section 16.035 as if no acceleration had occurred." Tex. Civ. Prac. & Rem. Code Ann. § 16.038(a). Section 16.035 provides that a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien "not later than four years after the day the cause of action accrues." *Id.* § 16.035(a). A notice served under Section 16.038 does not affect a lienholder's right to accelerate the maturity date of the debt in the future, nor does it waive past defaults. *Id.* § 16.038(d).

*Id.* Nicholson moved for a partial traditional summary judgment on her declaratory-judgment claims. *Id.* The trial court granted the defendants' motions and entered a final judgment dismissing Nicholson's claims. *Id.*

On appeal, Nicholson argued that she had raised genuine issues of material fact on her claims, that Harvey Law Group was not entitled to attorney immunity, and that the trial court had erred by denying her motion for partial summary judgment. *Id.* at *2, *4. We noted that "[a]s in her prior two appeals from the severed actions,[11] Nicholson wholly fails to explain what specific evidence supported each element of her numerous claims or to even discuss what those elements are." *Id.* at *3. As to all of the appellees in that case except Harvey Law Group, we held that Nicholson's defective briefing was not readily correctable or harmless and that "[e]ven under a liberal construction, her briefing is a flagrant violation of the procedural rules, imposing an unreasonable burden on this court to attempt to address her [summary-judgment] issue." *Id.* When the extent of her briefing on the declaratory-judgment claim amounted to a bare statement of the presented point, we likewise held that she had insufficiently presented that issue for our review. *Id.* at *4.

With regard to Harvey Law Group, we stated that all of Nicholson's claims against the firm related to actions it had performed within the course and scope of its representation of Nationstar and Nationstar's legal interests and thus that the firm had

---

[11]A severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment. *In re T.T.F.*, 331 S.W.3d 461, 477 (Tex. App.—Fort Worth 2010, no pet.).

conclusively established that it was entitled to immunity for its actions taken on Nationstar's behalf. *Id.* at *3.

## B. The Instant Case

This case took a detour of several years in federal court. In her sixth amended petition, filed in May 2017, Nicholson sued BONY, Cowan, Bank of America, ReconTrust, Stockman, Nationstar, Countrywide, and Harvey Law Group. The trial court granted the BONY Appellees' motion to strike Nationstar and Harvey Law Group from the case and their motion to strike Nicholson's seventh amended petition, denied Nicholson's motion for leave to file her seventh amended petition, declared the foreclosure and rescission void and granted a partial summary judgment to Nicholson on that basis, granted the BONY Appellees' traditional and no-evidence motion for summary judgment "with regard to all remaining claims," and awarded costs to Nicholson as the prevailing party on the wrongful-foreclosure issue.

Two years passed while the parties and courts debated whether the trial court's judgment was final and appealable,[12] and in 2019, a trial date was set as to Stockman and Countrywide. Stockman filed a motion for summary judgment in April 2019.

---

[12]During the interim, the then-judge of the 342nd Court, the Honorable J. Wade Birdwell, was appointed to this court. *See* Office of the Governor of Texas, *Governor Abbott Appoints Birdwell Justice of the Second Court of Appeals* (Nov. 10, 2017), https://gov.texas.gov/es/news/post/governor-abbott-appoints-birdwell-justice-of-the-second-court-of-appeals (last visited Mar. 23, 2022). The Honorable Kimberly Fitzpatrick was appointed to the 342nd Court on June 26, 2018. *See* Office of the Governor of Texas, *Governor Abbott Appoints Fitzpatrick Judge of the 342nd Judicial District Court* (June 26, 2018), https://gov.texas.gov/news/post/governor-abbott-appoints-fitzpatrick-judge-of-the-342nd-judicial-district-court (last visited Mar. 23, 2022).

Countrywide filed a motion for summary judgment a month later. The trial court's amended final judgment granted summary judgment for Stockman and Countrywide and incorporated the earlier summary judgment order.

**C. Briefing**

Nicholson initially filed a brief in this court raising twelve points, in which she complained that the trial court had erred by granting summary judgment for the Appellees[13] and by committing other errors.[14] We notified Nicholson that her brief had failed to comply with our briefing rules. Specifically, her brief did not list all of the parties and counsel, *see* Tex. R. App. P. 38.1(a); it did not contain a table of contents, *see* Tex. R. App. P. 38.1(b); it did not contain an index of authorities, *see* Tex. R. App. P. 38.1(c); it did not present the issues in the order indicated in the rule, *see generally* Tex. R. App. P. 38.1; it did not support the fact statement with record references, *see*

---

[13]In her first three points in her original brief, Nicholson complained that the trial court had erred by granting summary judgment for the Appellees because of outstanding fact issues and the Appellees' failure to prove all of the elements of their affirmative defenses and by granting summary judgment for Bank of America, ReconTrust, and Cowan because they had no answer on file at the time of the summary-judgment hearing.

[14]In her remaining points in her original brief, Nicholson asserted that the trial court had abused its discretion by striking her seventh amended petition and failing to exercise jurisdiction over the claims in it; by denying her "Motion for Nunc Pro Tunc to file [her] Response to [the Appellees'] Traditional and No-Evidence Motion for Summary Judgment filed on June 26, 2017"; by striking Nationstar and Harvey Law Group from the lawsuit; and by denying her verified plea in abatement, her motion to reinstate Nationstar and Harvey Law Group as parties, her motion to amend the scheduling order, her motion to modify the final judgment, and her motion for new trial.

Tex. R. App. P. 38.1(g); it did not contain a summary of her argument, *see* Tex. R. App. P. 38.1(h); it did not contain a clear and concise argument for the contentions made, with appropriate citations to legal authorities and to the record, *see* Tex. R. App. P. 38.1(i); it did not contain a prayer for relief, *see* Tex. R. App. P. 38.1(j); it did not contain an appendix, *see* Tex. R. App. P. 38.1(k); it did not contain a certificate of compliance, *see* Tex. R. App. P. 9.4(i); it did not contain a certificate of service, *see* Tex. R. App. P. 9.5; and it was not signed, *see* Tex. R. App. P. 9.1.

We warned Nicholson that if she failed to file an amended brief that complied with the above rules, we could strike her brief and dismiss the appeal or consider waived any noncomplying points. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. We also informed Nicholson that "[n]o additional or different points should be raised in the amended brief" and that if she wanted to file an amended brief that raised additional or different points, she would first have to file a motion and obtain an order from the court permitting her to do so. Nicholson did not file a motion requesting leave to raise additional or different points.

Nicholson filed an amended brief. In the amended brief, she raises eight issues, only some of which overlap with her original twelve points. Nicholson complained in her amended brief that (1) fabricated evidence by Kelly Harvey[15] constituted a fraud

---

[15]Kelly Harvey is the attorney with the Harvey Law Group who represented Nationstar.

upon the court and voided the trial court's judgment;[16] (2) the trial court erred by failing to file her response to the Appellees' traditional and no-evidence motion for summary judgment [formerly part of her fifth point]; (3) the trial court erred by granting summary judgment for BONY on its affirmative defense of waiver because BONY failed to prove all of the elements [formerly part of her second point]; (4) the trial court erred by granting summary judgment for Bank of America, ReconTrust, and Cowan because they did not have an answer on file at the time of the summary-judgment hearing [formerly part of her second point]; (5) the trial court abused its discretion by striking Nationstar and Harvey Law Group [formerly her fourth point]; (6) the trial court abused its discretion by striking Nicholson's seventh amended petition [formerly her third point]; (7) the trial court erred by granting Stockman's summary judgment on his res judicata affirmative defense because he failed to prove all of its elements [formerly part of her second point]; and (8) the trial court erred by granting summary judgment for BONY and Countrywide because there were genuine issues of material fact on at least one element of each of her claims, precluding summary judgment [formerly part of her first point].

---

[16]Nicholson had moved to strike Harvey's affidavit, arguing that the affidavit was based on hearsay; that the affidavit was vague, ambiguous, conclusory, speculative, and irrelevant; that the documents attached to it were not trustworthy; and that the affiant was not competent to testify and showed a lack of personal knowledge. Nicholson's complaint in her amended brief does not comport with the objections she raised in the trial court, and she did not request and obtain permission from this court to raise this additional issue in her amended brief. Accordingly, we will not address this issue. *See* Tex. R. App. P. 33.1, 47.1.

We will address the issues that are raised in both Nicholson's original, defective brief and in her amended brief but not the new issues that she did not receive permission to include or the ones that she abandoned when her amended brief replaced her original brief.

### III. Amended Pleadings

In Issue 6/Point 3, Nicholson argues that the trial court abused its discretion by striking her seventh amended petition.

Under Rules of Civil Procedure 63 and 66, a trial court has no discretion to refuse an amendment unless (1) "the opposing party presents evidence of surprise or prejudice" or (2) "the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). The burden of showing prejudice or surprise rests on the party resisting the amendment. *Id.* However, the trial court may conclude that the amendment is on its face calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying trial. *Id.* at 940. We review a trial court's denial of leave to file amended pleadings for an abuse of discretion. *Watson v. Tipton*, 274 S.W.3d 791, 796 (Tex. App.—Fort Worth 2008, pet. denied) (noting that for purposes of Rule 63, a summary-judgment proceeding is a trial).

In her sixth amended petition, which she filed on May 18, 2017, Nicholson sued Cowan, BONY, Bank of America, ReconTrust, Stockman, Nationstar,

14

Countrywide, and Harvey Law Group and, as to all of the defendants, she sought a declaratory judgment and alleged claims for violation of Civil Practice and Remedies Code Section 12.002, for negligence per se as to Section 12.002 and Penal Code Sections 37.09, 37.10, 32.46, and 32.49,[17] for gross negligence per se, for fraud, and for trespass to try title. She also sought to set aside the foreclosure sale, to cancel the trustee's deed, and to recover title and to quiet title. Nicholson alleged violations of Property Code Section 51.002[18] as to Stockman and Cowan, sought to expunge or seal the record of the forcible-entry-and-detainer suit, and sought exemplary damages. The BONY Appellees filed their traditional and no-evidence motion for summary judgment on June 1, 2017.

Three weeks after the BONY Appellees filed their summary-judgment motion, on June 22, 2017, Nicholson filed her seventh amended petition.[19] She sued BONY and Nationstar for violating Section 12.002; BONY for violating Penal Code Sections

---

[17]Penal Code Section 37.09 provides that tampering with or fabricating physical evidence is a criminal offense. Tex. Penal Code Ann. § 37.09. Section 37.10 provides that tampering with a governmental record is a criminal offense. *Id.* § 37.10. Section 32.46 provides that the fraudulent securing of a document's execution is a criminal offense. *Id.* § 32.46. And Section 32.49 provides that the refusal to execute the release of a fraudulent lien or claim is a criminal offense. *Id.* § 32.49.

[18]Property Code Section 51.002 addresses the sale of real property under a power of sale conferred by a deed of trust. *See* Tex. Prop. Code Ann. § 51.002.

[19]In her seventh amended petition, Nicholson abandoned her claims against Stockman and Countrywide.

32.46 and 32.49; BONY, Harvey Law Group, and Kelly Harvey[20] for violating Penal Code Sections 37.02, 37.03 and 37.06;[21] all defendants for negligence and gross negligence per se, to quiet title, and for trespass to try to title; ReconTrust, Stockman, and Cowan for violating Property Code Section 51.002; Bank of America, BONY, and Nationstar for violating the Texas Consumer Credit Code and Texas Debt Collection Practices Act; BONY, Bank of America, and ReconTrust for negligent misrepresentation; BONY, Bank of America, ReconTrust, and Cowan for common law fraud; and Bank of America and Nationstar for negligence. She again sought a declaratory judgment against all of the defendants and sought exemplary damages.

The next day, the BONY Appellees moved to strike Nicholson's seventh amended petition, pointing out that they had filed their traditional and no-evidence motion for summary judgment on June 1 and had set the motion for a hearing on June 30, and that Nicholson had filed the seventh amended petition without obtaining leave of court. The BONY Appellees complained that Nicholson's late filing contained new causes of action and requests for relief, constituted surprise, attempted to circumvent their pending summary-judgment motion on the sixth amended petition, and would cause unnecessary delay in finally resolving the matter. On July 3,

[20]Nicholson did not identify Kelly Harvey as a new party in the "Parties" section of her petition but identified Harvey as a defendant in the "Causes of Action" section of the petition.

[21]Penal Code Sections 37.02, 37.03 and 37.06 address perjury, a Class A misdemeanor; aggravated perjury, a third-degree felony; and inconsistent statements. *See* Tex. Penal Code Ann. §§ 37.02–.03, 37.06.

2017, Nicholson filed an opposed motion for leave to file her seventh amended petition.

The trial court heard the parties' motions on the seventh amended petition on August 18, 2017. Nicholson argued that she had filed the seventh amended petition eight days before the June 30, 2017 summary-judgment hearing and that Rules of Civil Procedure 63 and 66 allowed her to amend the petition as long as there was no surprise or prejudice to the opposing party. She argued that her allegations had remained the same and that "the cause[s] of action[] were added according to those allegations that were in the sixth amended petition." Nicholson repeated, "I added causes of action[] that reflected those allegations." BONY's counsel replied that Nicholson had tried to add new parties who she had already sued in other lawsuits and that there was no good basis for the trial court to allow Nicholson to amend her pleadings at such a late date. The trial court denied Nicholson's motion and granted the BONY Appellees' motion.

Because Nicholson's seventh amended petition reflects that she added new causes of action and a new party, we cannot say that the trial court abused its discretion by denying leave to file it or by granting the BONY Appellees' motion to strike it. *See Greenhalgh*, 787 S.W.2d at 939–40. We overrule Issue 6/Point 3.

### IV. Additional Parties

In Issue 5/Point 4, Nicholson argues that the trial court abused its discretion by striking Nationstar and Harvey Law Group.

Procedural matters, such as joinder and the consolidation of claims, are left to the trial court's broad discretion, and such rulings will not be overturned absent an abuse of discretion. *Bennett v. Grant*, 525 S.W.3d 642, 653–54 (Tex. 2017). A trial court's enforcement of its scheduling orders is likewise reviewed for an abuse of discretion. *Jones v. Cortes*, No. 02-10-00304-CV, 2011 WL 4008021, at *4 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (mem. op.). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. *Bennett*, 525 S.W.3d at 653. Rule of Civil Procedure 37 provides that additional parties may not be brought into a suit "at a time nor in a manner to unreasonably delay the trial of the case." Tex. R. Civ. P. 37.

Nicholson filed her lawsuit on November 5, 2012, and the trial court entered a scheduling order on February 17, 2017. Under the February 17, 2017 scheduling order, discovery had already closed, dispositive motions were due June 1, 2017, and trial was set for August 28, 2017. Nicholson filed her sixth amended petition on May 18, 2017, adding Stockman, Nationstar, Countrywide, and Harvey Law Group.

On June 5, 2017, the BONY Appellees moved to strike Nationstar and Harvey Law Group as additional parties, arguing that their addition would cause undue delay, that Nicholson had already tried to consolidate the case against Nationstar in the 48th Court (where Nationstar had been represented by Harvey Law Group), that the trial court had already denied that motion to consolidate, and that Nationstar had already prevailed against Nicholson on summary judgment in the 48th Court.

In her response, Nicholson argued that Nationstar and Harvey Law Group were necessary and indispensable parties, that her claims against Nationstar were not barred by res judicata, and that her claims against Harvey Law Group were not barred by attorney immunity. *Cf. Nicholson I*, 2021 WL 1134455, at *3–4.

At the June 15, 2017 hearing on the motion, when Nicholson complained that her other lawsuit involving Nationstar "was for a different account," the trial court replied that she had "had a reasonable opportunity to bring whatever lawsuit and whatever claims [she] had against Nationstar" in her case in the 48th Court. *See id.*; *see also Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) (explaining that claim preclusion prevents the relitigation of a claim that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit and that issue preclusion prevents relitigation of particular issues already resolved in a prior suit).

In response to the trial court's question about the underlying promissory note, BONY's counsel stated that while there might be a new loan number, there was only one promissory note that related to the property—it was not a different loan—and that Nationstar was the post-foreclosure loan servicer. The trial court informed Nicholson that the only issue in the case was wrongful foreclosure and not any post-foreclosure conduct because if the foreclosure was wrongful, then "that will have effects with regard to everything else, including Nationstar." The trial court granted the BONY Appellees' motion, struck Nationstar and Harvey Law Group from

19

Nicholson's sixth amended petition, and ordered that no additional parties would be joined.

Under the circumstances presented here, we cannot say that the trial court abused its broad discretion by granting the motion to strike. *See Bennett*, 525 S.W.3d at 653–54. By the time Nicholson sought to add Nationstar and Harvey Law Group in May 2017, the case had already been pending for five years, and trial had been set for just a few months later, in August 2017. The trial court could have reasonably concluded at that time that adding Nationstar and Harvey Law Group to the case would unreasonably delay the trial. *See* Tex. R. App. P. 37; *Jones*, 2011 WL 4008021, at *4. Accordingly, we conclude that the trial court did not abuse its discretion, and we overrule Issue 5/Point 4.

## V. Summary Judgment

Nicholson complains (1) that the trial court erred by failing to file her response to the BONY Appellees' traditional and no-evidence motion for summary judgment; (2) that the trial court erred by granting summary judgment for BONY on its affirmative defense of waiver;[22] (3) that the trial court erred by granting summary

---

[22]Nicholson described this as an "unpled affirmative defense of waiver of its right to foreclose" in her motion for new trial. At the November 30, 2020 hearing on her motion, the BONY Appellees' counsel explained that it appeared that Nicholson had been "confusing the principle of waiver as supporting an abandonment [of acceleration] argument versus waiver of right to foreclose," and he pointed out that the deed of trust included a nonwaiver clause that provided that it did not waive its right to foreclose just by forbearing to foreclose. We do not reach Nicholson's waiver-ground argument because, as set out below, the trial court had many grounds—

20

judgment for Bank of America, ReconTrust, and Cowan because they did not have an answer on file at the time of the summary judgment hearing; (4) that the trial court erred by granting summary judgment for Stockman on his res judicata affirmative defense because he failed to prove all of its elements; and (5) that the trial court erred by granting summary judgment for BONY and Countrywide because there were genuine issues of material fact on at least one element of each of her claims, precluding summary judgment.

## A. Nicholson's Summary-Judgment Response

Nicholson complains that the trial court erred by failing to file her response to the BONY Appellees' traditional and no-evidence motion for summary judgment.

The BONY Appellees filed their traditional and no-evidence motion for summary judgment on June 1, 2017, on all of the claims in Nicholson's sixth amended petition, and set the motion for a hearing on June 30.

On June 26, Nicholson filed a "Motion for Leave to File Plaintiff's Response/Objection to Defendants' Motion for Traditional and No-Evidence Motion for Summary Judgment." She stated that she had tried to file her response and objections through the e-filing system on June 23 but had been unable to do so. She copied into her motion the e-file submission failure document showing that on June

---

several unchallenged on appeal—upon which to support summary judgment for the BONY Appellees. *See* Tex. R. App. P. 47.1.

21

23, 2017, at 11:59 p.m., she had attempted to file a document and showing an error regarding some of her attachments.

The record reflects that the trial court clerk returned the filings to Nicholson because the clerk's office was not allowed to accept documents containing unredacted social security numbers or loan numbers on them and that the clerk informed Nicholson of which documents required redaction. The clerk's office returned the first new attempt at filing at 11:04 a.m. on June 26, 2017, informing Nicholson that Exhibits B, F, J, and M contained items requiring redaction and identifying those items. The clerk's office returned the second new attempt at filing at 11:34 a.m. that day, informing Nicholson that Exhibits F and M still needed items redacted, identifying those items, and asking her to "[p]lease review, redact, and resubmit." The clerk's office returned the third new attempt at filing at 1:07 p.m. that day, informing Nicholson that "Exhibit F STILL has your social security number on page 99. Please redact and resubmit."

Nicholson asked the trial court to accept her response as timely and stated that she had not filed it for delay, harassment, or surprise.

At the initial hearing on BONY's traditional and no-evidence summary-judgment motion on June 30, the trial court noted that Nicholson's "response didn't get filed because it got rejected in some way, shape or form. So I actually haven't read her response . . . [but] you clearly have gotten the response." BONY's counsel replied that there was no objection to Nicholson's response's being filed late. The trial court

22

stated, "That's fine. I'll grant leave, but if you've got an extra copy and I need to file it, I'll file it." The trial court then ordered a continuance until August 18—ten days before the August 28, 2017 trial setting—and asked Nicholson to "please make the redactions and file your response to their motion for summary judgment as soon as possible."

Nicholson subsequently stated in an April 2019 filing that she had been able to file her summary-judgment response and objections on August 18, 2017. However, at an April 2019 hearing, she stated that she had just assumed that it had been filed. The record contains Nicholson's email exchange with the district clerk in April 2019, informing her that no documents would be backdated. The trial court stated, "[T]he record doesn't show that you ever tried to go back and refile it after [the previous 342nd judge] gave you permission to do so." A copy of Nicholson's 2017 response, file-marked April 9, 2019, is contained within this record.

As set out above, the BONY Appellees received Nicholson's response to the summary-judgment motion, and the trial court granted her additional time to redact and refile it, although she failed to do so. The record reflects no abuse of discretion by the trial court, and we overrule Issue 2/Point 5.

## B. Answers on File

Nicholson complains that the trial court erred by granting summary judgment for Bank of America, ReconTrust, and Cowan because they did not have answers on file at the time of the summary-judgment hearing. BONY filed a general denial in

2013. At a hearing in June 2017, the trial court tried to explain to Nicholson that an original answer acts as an answer to any amendment and that "[t]he general denial has the effect of answering." Nicholson responded, "Well, in that particular denial, the only part[y] to the case at that time was [BONY]. There were no other parties to that answer. So the other defendants that they're currently representing, the Bank of America, the ReconTrust, and Melanie Cowan, they have not answered."

The trial court asked the BONY Appellees' counsel if they had answered in federal court, and he stated that they had. *See* Tex. R. Civ. P. 237a (stating that "[n]o default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal"); *Toliver v. Dall. Fort Worth Hosp. Council*, 198 S.W.3d 444, 449 (Tex. App.—Dallas 2006, no pet.) (stating that when appellees filed an answer in federal court, they did not also have to file an answer in state court to avoid a default judgment). Nicholson subsequently attached to her opposed motion for leave to file her seventh amended petition a copy of the answers filed in federal court by BONY, Bank of America, ReconTrust, and Cowan. And Bank of America, ReconTrust, and Cowan joined BONY in its traditional and no-evidence motion for summary judgment in June 2017. *See Zimmelman v. Harris Cnty.*, 819 S.W.2d 178, 181 (Tex. App.—Houston [1st Dist.] 1991, no writ) (explaining that named defendant appeared in the lawsuit pursuant to its motion for summary judgment). *Compare* Tex. R. Civ. P. 166a(a) (stating that *claimant* may seek summary judgment *after* the adverse party has appeared or answered), *with*

24

Tex. R. Civ. P. 166a(b) (stating that defendant may "at any time" move for summary judgment in his favor). Accordingly, the trial court did not err by granting summary judgment for Bank of America, ReconTrust, and Cowan based on this argument, and we overrule Issue 4/Point 2.

**C. BONY Appellees' Traditional and No-Evidence Motion**

The BONY Appellees filed their June 1, 2017 traditional and no-evidence motion for summary judgment on all of the claims in Nicholson's sixth amended petition.[23] In the traditional portion of their motion, they incorporated by reference all of the summary-judgment evidence that Nicholson had filed earlier in the case, along with the affidavit of Kelly Harvey, which sponsored the 2016 notice of rescission of acceleration under Section 16.038 and proof of mailing the notice of rescission as business records; a copy of the 2001 deed of trust; and a copy of a May 2012 "Corporation Assignment of Deed of Trust/Mortgage" of the original deed of trust, from MERS to BONY.

The BONY Appellees set forth grounds that included, among other things, that Nicholson's tort claims—negligence per se, gross negligence per se, and fraud— were barred by the economic loss rule because the sole basis for liability was the note and deed of trust. *See generally Nicholson III*, 2019 WL 7407739, at *2–4. They stated that Nicholson's Section 12.002 false-lien claim failed because a business-purposes

---

[23]Because Nicholson does not address all of the claims upon which summary judgment was granted, in the interests of brevity, we do not include those portions of the parties' motions and responses.

assignment—such as the corporate assignment of the deed of trust to BONY—does not show an intent to inflict financial injury or mental anguish; because Nicholson had failed to specify which defendant or defendants had fraudulently recorded a lien; and because Nicholson had not and could not show any damages resulting from recordings in the official public records. They further argued that because Nicholson could not prevail on any of her claims, she was not entitled to declaratory judgments on them and otherwise lacked standing to seek a declaratory judgment[24] and was not entitled to attorney's fees—particularly as she was not an attorney and had not retained one—or exemplary damages. The BONY Appellees asserted that Nicholson could not prevail on damages regarding her property claims because she remained in possession of the home and that, at best, she could show that she resided in a property that was subject to a lien securing a defaulted loan agreement.

In the no-evidence portion of their motion, the BONY Appellees set forth the following grounds: that there was no evidence that their assignment falsely represented their interest in the property; no evidence that they had any intent to cause Nicholson to suffer financial injury, mental anguish, or emotional distress; no evidence that Nicholson had suffered damages as a result of the recordings in the official public records; and no evidence that they knew the lien was fraudulent or

[24]The "waiver" argument that Nicholson references in her amended brief is made under the subsection of the summary-judgment motion addressing declaratory judgments, in which the BONY Appellees argued that Nicholson could not obtain a declaration that foreclosure was barred by limitations because the original foreclosure sale occurred within the limitations period and the acceleration was timely rescinded.

intended any injury under Section 12.002(a). They stated that Nicholson could not sustain a negligence per se claim because she had no evidence of a statutory violation, no evidence that she was within the class of persons a statute was designed to protect, and no evidence of how she was injured. They argued that Nicholson could not sustain a claim for gross negligence per se because she had no evidence that they had put her at risk by acting with conscious indifference. They argued that Nicholson had no evidence of recklessness, reliance, or damages to support her fraud claim.[25] And they argued that Nicholson had no evidence that her interest in the property was superior to theirs or that their claim to the property was unenforceable, defeating both her quiet-title and trespass-to-try-title claims.

In her response, Nicholson argued that limitations had run on the BONY Appellees' ability to foreclose on her note and that they did not deserve "a second bite at the apple" when the first attempted foreclosure sale had been void; that Nationstar (who was not in the case at this point) as BONY's agent had presented a document with knowledge that it was fraudulent, had intended the fraudulent document to be given legal effect, and had intended to cause her physical or financial injury or mental anguish, in violation of Civil Practice and Remedies Code Section 12.002 as well as under a negligence per se theory; that the BONY Appellees had committed fraud when they represented to her that they had effectuated a valid foreclosure sale and

_____

[25]The BONY Appellees also argued that Nicholson's fraud claim failed because she did not identify any information about which representations were made, by whom, and why or how she had justifiably relied on them.

were awarded a judgment of possession and then "clandestinely executed, filed, and recorded" a notice contending that the lien and underlying debt had been reinstated and "repeatedly t[old her] wrong and inconsistent information to coerce her to start repaying the loan"; and as to her quiet-title and trespass-to-try-title claims, she referenced her 2001 warranty deed and possession of the home since January 2001, and BONY's void 2012 substitute trustee's deed.

To her response, Nicholson attached her unsworn declaration in which she sponsored a variety of documents—including medical records—and recounted the damages that she had suffered from the actions of BONY, Harvey (not a party), Stockman, Bank of America, Nationstar (not a party), and Harvey Law Group (not a party),[26] and the legal proceedings she had been involved in: two in the Tarrant County Justice of the Peace Court Number 7, one in County Court at Law Number 1, four federal proceedings, six Tarrant County district court proceedings, two Fifth

---

[26]Nicholson claimed in her unsworn declaration that she had "suffered severe emotional stress damage as a result of the ongoing harassment and reckless disregard, and intentional conduct by Defendants," that she was "no longer able to work due to chronic depression and anxiety" and was fired in November 2015 "due to excessive absences from the stress in this case," and that she had incurred medical expenses exceeding $30,000. To her declaration, she attached medical records showing that in 2014, 2015, and 2016, she had "present[ed] with anxiety," "general anxiety disorder," and depression; that she had also been treated for anxiety and depression ten years before; and that she had been prescribed medication for insomnia. Her medical records also showed that she suffered from high blood pressure treated with medication, that she was billed $6,620.25 in January 2015 for, among other things, a urine pregnancy test and basic metabolic panel, and that she was billed $4,283.75 in October 2015 for a comprehensive metabolic panel and routine EKG, among other things.

Circuit proceedings, forty-five Consumer Financial Protection Bureau complaints, one HUD Inspector General complaint, and one Texas Attorney General complaint "seeking justice to remedy Defendants' wrongs and stop Defendants' ongoing fraudulent activities."

Nicholson argues on appeal that the trial court erred by granting summary judgment for the BONY Appellees because there were genuine issues of material fact on at least one element of each of her claims.[27] Specifically, she argues that the trial court erred (1) by granting BONY's motion on her claim for declaratory judgment; (2) by granting BONY's motion on her claims for negligence per se, gross negligence per se, and fraud; (3) by granting BONY's motion on her claim for violation of Civil Practice and Remedies Code Section 12.002; and (4) by granting BONY's motion on her quiet-title and trespass-to-try-title claims.

---

[27]Nicholson addresses only her Section 12.002, fraud, negligence per se, gross negligence per se, and declaratory-judgment claims in her brief. *See* Tex. R. App. P. 38.1(i). In her original brief and in her amended brief, Nicholson also—for the first time in the case—attempts to make an adverse possession argument. In her sixth amended petition, Nicholson alleged that she received the deed in 2001 and had remained in possession of it since then, that BONY received a void deed on July 3, 2012, and that BONY received a deed-of-trust assignment on February 27, 2015. She concluded by stating, "As such, Defendants' claims and interest to the title and possession of the Property are improper. Moreover, to the extent BONY claims title to the property, Plaintiff ha[s] a superior claim to title out of a common source." Nicholson made the same argument in her summary-judgment response. Because she did not raise an adverse-possession argument in the trial court, we will not address it as a ground for reversal. *Cf. Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021) ("The record is replete with instances that confirm that the McDuffs understood that the Brumleys had alleged a claim of adverse possession.").

### 1. Declaratory Judgment

Nicholson's declaratory-judgment argument consists of a single sentence with a citation to the substitute trustee's deed voided by the trial court: "There is a Question of Fact as to granting [BONY's] summary judgment on Plaintiff's Declaratory Judgment because [BONY] was granted Judgment of Possession as the legal titleholder post-foreclosure." As we warned her in *Nicholson I*, a bare statement, i.e., one without a clear and concise legal argument giving appropriate citations to applicable legal authority, *see* Tex. R. App. P. 38.1, is wholly insufficient to present an issue for our review. *Nicholson I*, 2021 WL 1134455, at *4; *see Barcroft*, 2017 WL 3910911, at *1 (overruling portion of argument in which pro se appellant failed to direct the court to any authority and provided no explanation to support his argument). Accordingly, we overrule this portion of her Issue 8/Point 1.

### 2. Tort Claims

In her brief, Nicholson failed to challenge every ground upon which summary judgment could have been granted on to her tort claims, even though we warned her about the failure to challenge such grounds—including the economic loss rule—in *Nicholson III. See* 2019 WL 7407739, at *2–3. Accordingly, we overrule the portion of her Issue 8/Point 1 that pertains to her fraud, negligence per se, and gross negligence per se claims.

### 3. Section 12.002 Claim

Section 12.002(a) provides that a person may not make, present, or use a document or other record with (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Penal Code Section 37.01 (defining court and governmental records for perjury purposes), evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress. Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a). A person who violates subsection (a) is liable to each injured person for the greater of $10,000 or the actual damages caused by the violation, court costs, reasonable attorney's fees, and exemplary damages in an amount determined by the court. *Id.* § 12.002(b). For purposes of Section 12.002, "lien" means a claim in property for the payment of a debt and includes a security interest. *Id.* § 12.001(3).

In her sixth amended petition, Nicholson alleged that on February 17, 2015, Nationstar, as Countrywide's attorney-in-fact, had executed an assignment of the original deed of trust from Countrywide to BONY and that doing so amounted to a fraudulent claim on her property in violation of Section 12.002. The BONY Appellees

moved for summary judgment on, among other things, the assignment's validity and failure to show an intent to inflict financial injury or mental anguish. They also argued that Nicholson had no evidence of how the assignment "falsely represented" their interest in the property, no evidence of any intent to cause her to suffer financial injury, mental anguish, or emotional distress, and no evidence of any damages resulting from the recordings in the official public records.

Nicholson responded by arguing that it was presumed fraudulent under Government Code Section 51.901 because it was not created with her consent or agreement, and she relied on her theory that the original 2001 deed of trust had been wiped out by the foreclosure sale.

Government Code Section 51.901 states that a document or instrument is presumed to be fraudulent if it purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and, among other things, it

> is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person.

Tex. Gov't Code Ann. § 51.901(c)(2)(B). The record in this case and the preceding cases reflects that Nicholson agreed to the original 2001 deed of trust. *Nicholson I*, 2021 WL 1134455, at *1; *Nicholson II*, 2020 WL 241420, at *1 & n.1.

32

Further, the trial court declared the foreclosure sale void. When a foreclosure sale is declared void, the debt upon which the foreclosure is based revives and remains outstanding.[28] *Shearer v. Allied Live Oak Bank*, 758 S.W.2d 940, 943 (Tex. App.—Corpus Christi–Edinburg 1988, writ denied) ("Because the foreclosure sale of the real property was set aside, both parties assumed their original positions as debtor and creditor."). That is, a wrongful foreclosure does not extinguish the debt. *See Salem v. Khalaf*, No. 01-01-01208-CV, 2003 WL 2002544, at *4 (Tex. App.—Houston [1st Dist.] May 1, 2003, pet. denied) (mem. op.); 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 197 (2022) (explaining that the proper remedy for wrongful foreclosure and breach of the deed of trust when the borrower retains possession is to set aside the trustee's deed and restore the borrower's title "subject to the note holder's right to establish the debt owed and foreclose its lien"). The recovery of damages is not appropriate when title to the property has not passed to a third party and the borrower's

---

[28]The trial court tried to explain to Nicholson during the August 18, 2017 summary-judgment hearing that her choice was between leaving the home and collecting wrongful-foreclosure damages or keeping the home subject to her mortgage's terms, "back where you were before the foreclosure." The trial court also informed her that if she chose damages, the defendants "would be entitled to a credit for the five years [she had] lived in the house since the foreclosure." *Compare* Sean Lowe, *Their Legality and Immorality: Pro Se, Strategic Foreclosure Defense Lawsuits*, 41 Real Est. L.J. 172, 173 (2012) (explaining that a pro se may strategically engage in litigation to stay rent-free in a home until the stalled foreclosure process restarts and concludes), *with* Megan Wachspress, Jessie Agatstein, Christian Mott, *In Defense of "Free Houses*,*"* Comment, 125 Yale L.J. 1115, 1115–29 (2016) (arguing that risk of faulty foreclosure should fall on banks rather than homeowners). Having exhausted a decade in litigation, Nicholson might be more successful taking her arguments to the Legislature.

possession of the property has not been materially disturbed. *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.); *see* 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 197 (2022) ("[I]f the borrower's possession has not been disturbed and no third party rights to the property have been created, the borrower has suffered no compensable injury."). Because the original deed of trust was not shown to be invalid, its assignment likewise is not invalid, and the trial court did not err by granting summary judgment for the BONY Appellees on Nicholson's Section 12.002 claim. Accordingly, we overrule this portion of her Issue 8/Point 1 without reaching her remaining arguments.

### 4. Title Claims

Nicholson relied on the February 27, 2015 assignment to support her quiet-title and trespass-to-try-title claims in her sixth amended petition. The BONY Appellees moved for traditional summary judgment on these claims, asserting that Nicholson could not prevail on either claim "because her interest in the Property remains subject to Defendants' lien." The BONY Appellees pointed out in their summary-judgment motion that, at best, Nicholson "can show that she resides in a property that is subject to a lien that secures a loan agreement that she is in default on." They also argued that Nicholson had no evidence that her interest in the property was superior to theirs.

A suit to quiet title is an equitable one to remove a "cloud" on a legal title by alleging a right of ownership warranting judicial interference. *Gildon v. ARVM 5, LLC*, No. 02-19-00363-CV, 2020 WL 5666553, at *8–9 (Tex. App.—Fort Worth

34

Sept. 24, 2020, no pet.) (mem. op.) ("Appellant's quiet-title action fails because she did not establish the invalidity of the foreclosure or the lien upon which it was based."). A claim for trespass to try title is a procedural device by which rival claims to title or right to possession can be adjudicated. *Littleton v. Nationstar Mortg. L.L.C.*, No. 02-19-00238-CV, 2020 WL 1949623, at \*8 (Tex. App.—Fort Worth Apr. 23, 2020, pet. denied) (mem. op.). A petition for trespass to try title shall state, among other things, that the plaintiff was in possession of the premises or was entitled to such possession and that the defendant dispossessed the plaintiff of possession and withheld it from him. Tex. R. Civ. P. 783(d)–(e).

As set out above, and argued by the BONY Appellees on appeal, because the original deed of trust is not invalid, and because Nicholson remains in possession of the property, *cf. id.*, Nicholson could not prevail on her quiet-title and trespass-to-try-title claims. Accordingly, the trial court did not err by granting summary judgment for the BONY Appellees on those claims, and we overrule the remainder of Nicholson's Issue 8/Point 1.

### D. Stockman's and Countrywide's Summary-Judgment Motions

Because Nicholson filed a consolidated response to Stockman's and Countrywide's summary-judgment motions, we address them together.

#### 1. Stockman's Motion

In his traditional motion for summary judgment, Stockman argued that Nicholson's lawsuit against him was barred by "res judicata, collateral estoppel and/or

issue preclusion." He stated that Nicholson's claims against him had been fully adjudicated in Cause Number 048-286132-16, which was severed into Cause Number 048-305585-19 on November 28, 2018, and in which Nicholson had challenged the validity of the substitute trustee's deed and rescission of the substitute trustee's deed. He pointed out that in the instant lawsuit, she had sued for violation of Civil Practice and Remedies Code Section 12.002, gross negligence per se and negligence per se, fraud, declaratory judgment, violation of Property Code Section 51.002, to quiet title, and for trespass to try title, and that in the other lawsuit against him, she had sued for most of the same causes of action (minus the suit to quiet title or to try title) but had also added a claim for conspiracy and that summary judgment had been granted for him on all of her claims. To his motion, Stockman attached a copy of Nicholson's sixth amended petition, a copy of her live pleading in the 48th Court lawsuit, and copies of the summary judgment orders in the 48th Court lawsuit.

### 2. Countrywide's Motion

In its traditional and no-evidence motion, Countrywide relied on the same arguments and evidence set out above upon which the BONY Appellees relied in their traditional and no-evidence motion for summary judgment.

### 3. Nicholson's Responses

Nicholson filed a combined response to Stockman's and Countrywide's motions in which she argued that the trial court lacked jurisdiction while her petition for review on this court's judgment dismissing the appeal for want of jurisdiction

36

remained pending in the supreme court. The supreme court granted a stay of the trial court proceedings on July 19, 2019, but it ultimately denied her petition for review and lifted the stay order on May 29, 2020.

Nicholson subsequently filed a motion to strike Stockman's summary-judgment evidence, arguing that his exhibits had not been certified copies. Stockman filed a reply and supplemented his motion with certified copies. The trial court denied Nicholson's motion to strike on the same day that it granted Stockman's and Countrywide's summary-judgment motions, and Nicholson does not challenge the denial of her motion to strike Stockman's summary-judgment evidence.

### 4. Res Judicata

A defendant is entitled to summary judgment on the affirmative defense of res judicata if he conclusively proves all elements of that defense: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705–06 (Tex. 2021); *see* Tex. R. Civ. P. 166a(b), (c); *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (op. on reh'g). A trial court's judgment is final for res judicata purposes even while the case is on appeal. *Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 n.3 (Tex. 2010).

As she argued in the trial court and in her sur-reply to Stockman's motion, Nicholson claims that Stockman failed to prove a prior final judgment on the merits

by a court of competent jurisdiction. However, the record reflects that Stockman's evidence met that element and the remaining elements of his res judicata defense. *See also Nicholson II*, 2020 WL 241420, at *3–4. Accordingly, we conclude that the trial court did not err by granting summary judgment for Stockman, and we overrule Issue 7/Point 2 as to Stockman's summary judgment.

### 5. Summary-Judgment Procedure

Although Nicholson argues that there were controverting fact issues that prevented summary judgment for Countrywide, her only arguments in her amended brief pertain to her Section 12.002 and fraud claims, which she did not raise in a summary-judgment response. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins.*, 300 S.W.3d 740, 743 (Tex. 2009) ("A non-movant must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived."). While the nonmovant need not file an answer or response to the summary-judgment motion, the nonmovant who does not file a response may contend on appeal *only* that the movant's evidence supporting the motion was insufficient as a matter of law or that the grounds in the motion do not dispose of all the claims in the case. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Further, when—as here—the trial court's judgment rests on

more than one independent ground or defense, the aggrieved party must assign error to each ground, or we will affirm the judgment on the uncomplained-of ground. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). And Nicholson did not direct the trial court to evidence to raise a genuine issue of material fact in response to any of Countrywide's no-evidence grounds.[29] *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Accordingly, the trial court did not err by granting summary judgment for Countrywide on Nicholson's Section 12.002 claim or any of her other claims against it, and we overrule this portion of Issue 8/Point 1.

## VI. Conclusion

Having overruled all of Nicholson's issues that were fairly included in the points she raised in her opening brief, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: March 31, 2022

---

[29]If a nonmovant wishes to assert that, based on the record evidence, a fact issue exists to defeat a no-evidence motion for summary judgment, the nonmovant must timely file a response to the motion raising this issue. *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g). Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Id.*